Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Proposed Counsel for the Debtors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-378-ELG |
| | ) | (Chapter 11) |
| Banners of Abingdon, LLC, *et al.*[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**MOTION TO SCHEDULE FURTHER HEARING ON
POST-PETITION FINANCING MOTION, ON EXPEDITED BASIS**

Come now Banners of Abingdon, LLC and the other debtors identified in footnote 1 hereto (collectively, the "Debtors" and each a "Debtor"), by and through undersigned counsel, and move this Honorable Court to hold a further hearing, on the Motion for Leave to Incur Post-Petition Debts and Use Cash Collateral (the "Financing Motion"), DE #6, in-person and via Zoom, on

---

[1] The Debtors in these cases are Banners of Abingdon, LLC; Banners of Reston, Inc.; Banner's of Dulles Town, Inc.; Banner's of Fair Oaks, LLC; Banner's Of Ashburn, LLC; Banner's of Gainesville, LLC; Banner's of Warrenton, LLC; Banner's of South Riding, LLC; Banner's of Stafford, LLC; Banner's of Oakton, LLC; Banner's of Bradlee Center, LLC; Banners of Fair Lakes, LLC; Banners of Woodbridge LLC; Banners of Williamsburg LLC; Banners of Newport News LLC; Banners of Commonwealth Midlothian LLC; Banners of Village Market Place Midlothian LLC; Banners of Fairfield Virginia Beach LLC; Banners of Hilltop Virginia Beach LLC; Banners of Central Park Fredericksburg LLC; Banners of Cosner's Corner Fredericksburg LLC; Banners of York River LLC; Banners of Lynchburg, LLC; Banners of Harrisonburg VA LLC; Banners of Winchester LLC; Banners of Christiansburg VA LLC; Banners of Chesapeake VA LLC; Banners of Columbus Village VA Beach LLC; Banner's of Burke, LLC; Banner's of Kamp Washington, LLC; Banners of Suffolk II LLC; Banners of Suffolk LLC; Banners of Henrico LLC; Banners Of Waynesboro LLC; Banners of Roanoke LLC; Banners of Rocky Mount VA, LLC; Banners of Manassas II LLC; Banners of Charlottesville LLC; Banners of Kingstowne LLC; Banners of Leesburg, LLC; and LBPO Management, LLC.

1

Wednesday, September 24, 2025, at 1:00 pm prevailing eastern time, and in support thereof state as follows:

As is apparent from the Financing Motion and as was expounded upon on the record during first day hearings on September 17, 2025, the debtors entered bankruptcy with aspirations of utilizing two post-petition lending facilities: (i) a cash-centric facility, to be furnished by an insider; and (ii) an in-kind facility, to be furnished by a pre-petition creditor (the "Outside Lender"). While the debtors and the Outside Lender undertook extensive pre-petition and post-petition negotiations, and were able to arrive upon a consensus as to the overwhelming majority of deal terms before first day hearings, certain terms proved elusive in the earliest days of these proceedings and a deal ultimately could not be presented to this Honorable Court for approval during first day hearings.

These setbacks, however, did not stop the parties from negotiating. Proposed counsel for the debtors and counsel for the Outside Lender continued their dialogue past the first day hearings, with an emphasis on endeavoring to reach a consensus and present this Honorable Court with a definitive term sheet that would allow for the healthy post-petition in-kind financing of many of the debtors' operations. And, of even date herewith, the parties were able to reach such a consensus, agreeing upon the deal terms evidenced in the term sheet attached hereto as Exhibit A.

Significant temporal urgency attaches to the approval of these terms, however. Specifically, Hallmark is preparing to ship much of the holiday-centric merchandise discussed during first day hearings, and will not be able to make a complete shipment to the debtors unless and until the terms of post-petition financing are approved. By way of detail: if the Outside Lender's term sheet is approved on September 24, 2025, via written order, it is reasonably believed the debtors' stores will receive the correlative product three (3) calendar days before it is set to be placed on shelves for sale to the public—and even this tight timeline is correlative to Hallmark's

2

generosity in retooling certain timelines to accommodate the exigencies of the debtors in these cases. (For the avoidance of doubt, the debtors alluded to an even tighter timeline during first day hearings; the ability to push—just slightly—beyond that timeline is attributable to the flexibility of Hallmark and ongoing good faith of Hallmark in working with the debtors.)

Moreover, the three (3) day lag time ought not be construed as a luxury. To the contrary, significant human resources will be required to receive the holiday product, appropriately sever items from packages, prepare items for sale, arrange store shelves in a proper manner, and ensure a seamless display to the consumer public. The debtors would very much like to have more than three (3) days to achieve these goals—which normally take much longer—but, equally, will be grateful to have the opportunity to work on even this hyper-compressed timeline.

In light of the endorsement process required by this Honorable Court in this case (and nearly all cases), a written order granting the Financing Motion has not yet been entered, even though the oral order assuredly stands as a binding pronouncement. The debtors wish to make the most of this procedural happenstance and re-present the Financing Motion, in open court, on Wednesday, September 24, 2025 at 1:00 pm, *not* for purposes of seeking reconsideration of any of the relief already granted, nor for purposes of retooling any of the provisions already considered by this Honorable Court, but, rather, solely for purposes of arguing the one component that was so notably missing when the matter first came on for hearing: the provision of in-kind financing from a trusted industry partner.

*[Signature on Following Page]*

                                              Respectfully submitted,

Dated: September 23, 2025      By:    <u>/s/ Maurice B. VerStandig</u>
                                                        Maurice B. VerStandig, Esq.
                                                          Bar No. MD18071
                                                          The Belmont Firm
                                                          1050 Connecticut Avenue, NW
                                                          Suite 500
                                                          Washington, DC 20036
                                                          Phone: (202) 991-1101
                                                          mac@dcbankruptcy.com
                                                          *Proposed Counsel for the Debtors*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 23rd day of September, 2025, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

                                                          <u>/s/ Maurice B. VerStandig</u>
                                                          Maurice B. VerStandig