The order below is hereby signed.

Signed: September 25 2025



Elizabeth L. Gunn
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-378-ELG |
| | ) | (Chapter 11) |
| Banners of Abingdon, LLC, *et al.*[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

### ORDER GRANTING LIMITED INTERIM RELIEF
### ON MOTION FOR LEAVE TO INCUR POST-PETITION
### DEBTS AND USE CASH COLLATERAL

---

[1] The Debtors in these cases are Banners of Abingdon, LLC; Banners of Reston, Inc.; Banner's of Dulles Town, Inc.; Banner's of Fair Oaks, LLC; Banner's Of Ashburn, LLC; Banner's of Gainesville, LLC; Banner's of Warrenton, LLC; Banner's of South Riding, LLC; Banner's of Stafford, LLC; Banner's of Oakton, LLC; Banner's of Bradlee Center, LLC; Banners of Fair Lakes, LLC; Banners of Woodbridge LLC; Banners of Williamsburg LLC; Banners of Newport News LLC; Banners of Commonwealth Midlothian LLC; Banners of Village Market Place Midlothian LLC; Banners of Fairfield Virginia Beach LLC; Banners of Hilltop Virginia Beach LLC; Banners of Central Park Fredericksburg LLC; Banners of Cosner's Corner Fredericksburg LLC; Banners of York River LLC; Banners of Lynchburg, LLC; Banners of Harrisonburg VA LLC; Banners of Winchester LLC; Banners of Christiansburg VA LLC; Banners of Chesapeake VA LLC; Banners of Columbus Village VA Beach LLC; Banner's of Burke, LLC; Banner's of Kamp Washington, LLC; Banners of Suffolk II LLC; Banners of Suffolk LLC; Banners of Henrico LLC; Banners Of Waynesboro LLC; Banners of Roanoke LLC; Banners of Rocky Mount VA, LLC; Banners of Manassas II LLC; Banners of Charlottesville LLC; Banners of Kingstowne LLC; Banners of Leesburg, LLC; and LBPO Management, LLC.

Upon consideration of the Motion for Leave to Incur Post-Petition Debts and Use Cash Collateral (the "Motion"), ECF #6, the evidence adduced thereupon at a hearing on September 17, 2025, the arguments made therein, applicable law, and the record herein, it is, by the United States Bankruptcy Court for the District of Columbia, hereby:

ORDERED, that the Motion be, and hereby is, GRANTED IN PART on an INTERIM BASIS; and it is further

ORDERED, that the debtors be, and hereby are, permitted to use the cash collateral of secured creditors on an interim basis, to and through the date on which a final hearing on the Motion is held, subject to the terms and conditions set forth in this order; and it is further

ORDERED, that any secured creditor whose cash collateral is so utilized by any one or more debtors is granted an automatically perfected post-petition superpriority replacement lien (the "Replacement Lien," with said liens being known, in the aggregate, as the "Replacement Liens"), to the extent of any resulting diminution in said creditor's pre-petition security interest in the cash collateral of the debtors, with said replacement lien to attach to all post-petition assets of the debtors(s) including, but not limited to, cash, merchandise, tangible goods, intangible goods, and all other rights cognizable under law (the "Replacement Collateral"), except as expressly provided for otherwise herein; and it is further

ORDERED, that the priority of creditors receiving replacement liens per the foregoing paragraph shall be in the same order and proration as existed pre-petition in connection with the cash collateral to be utilized by the debtor(s); and it is further

ORDERED, that the post-petition utilization of cash collateral and the funds from the DIP Loan (as defined below) shall be in accord with the terms of the budget filed by the debtors and admitted into evidence as Exhibit 1 at a hearing held on September 25, 2025, as found on the

docket at ECF #38, with the debtors not being permitted to use cash collateral or the proceeds of the DIP Loan in any budgeted period in any gross sum greater than 110% of that projected on the budget but with the debtors being permitted such variances, within the gross bottom line budgeted sum, as they may deem advisable in their business judgment; provided, further, for the avoidance of doubt, notwithstanding anything to the contrary in any definitive documentation and notwithstanding any absence of a line item for certain operating expenses in the budget correlative to the use of cash collateral or the DIP Loan, the debtors shall be authorized to use funds in any budgeted period to pay the operating expenses of these estates, including rent, so long as such amounts do not exceed any gross sum greater of 110% of that projected for any budget period; and it is further

ORDERED, that the debtors, on an interim basis, are permitted to borrow monies, post-petition, in accord with the DIP Loan Term Sheet between debtors and Michael Postal (the "DIP Lender," with the loan itself being the "DIP Loan") introduced into evidence as Exhibit 4 at the hearing on the Motion, ECF #20, subject to the following clarifications: (i) the requirement that a plan of reorganization be filed by March 2, 2026, set forth in Section 9 thereof, not be construed as altering the requirement that such a plan be confirmed by December 31, 2025 (with it being expressly understood a plan must be confirmed by December 31, 2025); (ii) the commitment fee set forth in Section 6 thereof shall only apply to monies actually loaned to the debtors and shall not apply to the full extent of the facility unless fully drawn; (iii) the commitment fee set forth in Section 6 thereof shall only apply to the initial draw of any given monies and shall not be applied to the subsequent utilization of already-loaned monies; and (iv) the lien of the DIP Lender (the "DIP Lien") shall only attach to products purchased with loaned monies and the proceeds thereof provided, however, said lien shall also attach to any product purchased with said proceeds and the

proceeds of said product (the "DIP Collateral"), with the burden being on the debtors to utilize their internal controls and tracking systems to ensure said monies, product and proceeds may be appropriately tracked at all times; and it is further

ORDERED, that notwithstanding anything to the contrary in this Order, for purposes of this Order, the Replacement Liens (or any DIP Lien) shall not encumber and the Replacement Collateral (or DIP Collateral) shall not include (i) leasehold interests of non-residential real property unless the applicable lease permits the granting of such liens (but shall include the proceeds of the sale or disposition of such leases) and (ii) any security deposits (in possession of the landlord) or the debtors' interests, if any, in pre-paid rent, unless liens on such security deposits or pre-paid rent are expressly permitted pursuant to the underlying lease documents; provided that, the Replacement Liens (or DIP Lien) shall extend to any such security deposits or pre-paid rent upon reversion thereof to the debtors; and it is further

ORDERED, that notwithstanding anything to the contrary herein, except as subject to the terms of the debtors' nonresidential real property leases and otherwise to the fullest extent provided by applicable law, any rights granted herein shall not interfere with any rights held by a landlord to insurance proceeds for damage to a landlord's property; and it is further

ORDERED, that the Court's approval of relief on an interim basis does not alter, waive, or limit the rights of any party to object to relief being provided on a final basis. All parties' rights to object to the use of cash collateral, the extent and adequacy of adequate protection required, the proposed budget, the amount and terms of the DIP loan, and all other issues related to the Motion and this interim order are preserved, whether or not those objections were specifically raised in connection with proceedings related to the Motion and the hearing on interim relief; and it is further

ORDERED, that a final hearing on the Motion shall be held via hybrid means, both in person and via Zoom, at 10:00 am prevailing Eastern Time, on October 9, 2025, and parties in interest may contact Gunn_Hearings@dcb.uscourts.gov for Zoom information; and it is further

ORDERED, that objections to the Motion, if any, must be filed no later October 6, 2025; and it is further

ORDERED, that within two (2) business days of entry of this order, the debtors shall cause a copy to be served on all parties on the mailing matrix in this case, via first class mail, postage prepaid, *except* the debtors need not serve a copy upon any party represented by counsel receiving notices via CM/ECF.

I ask for this:

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Proposed Counsel for the Debtors*


Seen:


/s/ Bradley D. Jones (signed w/ express permission)
Darrell W. Clark, No. 450273
Bradley D. Jones, No. VA 68
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel:    (202) 728-3019 (Mr. Clark)
        (202) 572-9903 (Mr. Jones)
Fax:    (202) 572-9943
Emails: darrell.clark@stinson.com
        brad.jones@stinson.com

*Counsel for Hallmark Marketing Company, LLC*

/s/ Michael D. Nord (signed w/ express permission)
Michael D. Nord
Gebhardt & Smith LLP
One South Street
Suite 2200
Baltimore, Maryland 21202
Work 410-385-5072
mnord@gebsmith.com
*Counsel for PNC Bank*

/s/ Leslie C. Heilman (signed w/ express permission)
Leslie C. Heilman, Esq.
Ballard Spahr
919 N. Market Street, 11th Floor
Wilmington, DE 19801-3034
302.252.4446 direct
302.300.4065 fax
heilmanl@ballardspahr.com
*Counsel for Various Landlords*


Seen and Objected:

/s/ Kristen S. Eustis (signed w/ express permission)
Kristen S. Eustis
Trial Attorney
Department of Justice
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-7227 Direct Dial
(202) 934-4173 Mobile Phone
Kristen.S.Eustis@usdoj.gov
*Counsel for the US Trustee*

United States Bankruptcy Court

District of Columbia

In re:     Case No. 25-00378-ELG

Banners of Abingdon LLC     Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0090-1 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Sep 25, 2025 | Form ID: pdf001 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 27, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| dbpos | + Banners of Abingdon LLC, 1801 16th Street NorthwestUnit 606, Washington, DC 20009-3365 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 27, 2025      Signature:     /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 25, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Adam Nathe | on behalf of Creditor Hallmark Marketing Company  LLC adam.nathe@stinson.com, mpl.lssteam5@stinson.com |
| Addison J. Chappell | on behalf of Creditor Bull Run Plaza  LLC achappell@milesstockbridge.com |
| Addison J. Chappell | on behalf of Creditor Leesburg Plaza  LLC achappell@milesstockbridge.com |
| Addison J. Chappell | on behalf of Creditor South Riding Owner  LLC achappell@milesstockbridge.com |
| Bradley David Jones | on behalf of Creditor Hallmark Marketing Company  LLC brad.jones@stinson.com, brad.jones2020@ecf.pacerpro.com |
| C. Kevin Kobbe | on behalf of Creditor Itria Ventures LLC kevin.kobbe@us.dlapiper.com  DLAPiper@ecfxmail.com |

Case 25-00378-ELG    Doc 50    Filed 09/27/25    Entered 09/28/25 00:04:33    Desc Imaged
Certificate of Notice    Page 8 of 8

| District/off: 0090-1 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Sep 25, 2025 | Form ID: pdf001 | Total Noticed: 1 |

| | |
|---|---|
| Eugene A Burcher | on behalf of Creditor Fair City HHH L.L.C. eaburcher@thelandlawyers.com |
| John D. Sadler | on behalf of Creditor Federal Realty OP LP Sadlerj@ballardspahr.com andersonn@ballardspahr.com |
| John D. Sadler | on behalf of Creditor Federal Realty Partners L.P. Sadlerj@ballardspahr.com, andersonn@ballardspahr.com |
| Kenneth N Whitehurst, III | on behalf of U.S. Trustee U. S. Trustee for Region Four kenneth.n.whitehurst@usdoj.gov |
| Kristen S. Eustis | on behalf of U.S. Trustee U. S. Trustee for Region Four Kristen.S.Eustis@usdoj.gov Robert.W.Ours@usdoj.gov |
| Leonidas Koutsouftikis | on behalf of Creditor GRI Bradlee LLC lkouts@mckplaw.com, mcook@magruderpc.com |
| Maurice Belmont VerStandig | on behalf of Debtor In Possession Banners of Abingdon LLC mac@mbvesq.com lisa@mbvesq.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email |
| Michael D. Nord | on behalf of Creditor PNC Bank N.A. mnord@gebsmith.com |
| Stephen A. Metz | on behalf of Creditor Ashburn Village Center LLC smetz@offitkurman.com mmargulies@offitkurman.com |
| U. S. Trustee for Region Four | USTPRegion04.DC.ECF@USDOJ.GOV |

TOTAL: 16