# **EXHIBIT 1**

```
 1                  UNITED STATES BANKRUPTCY COURT
                     SOUTHERN DISTRICT OF TEXAS
 2                         HOUSTON DIVISION

 3                                    )  CASE NO: 20-33163
                                      )
 4    CEC Entertainment,              )  Houston, Texas
                                      )
 5                                    )  Thursday, October 8, 2020
                  Debtors.            )
 6                                    )  3:43 p.m.- 6:02 p.m.
                                      )
 7    -------------------------------)

 8                                TRIAL

 9              BEFORE THE HONORABLE MARVIN ISGUR
                  UNITED STATES BANKRUPTCY JUDGE
10

11    APPEARANCES:

12    For The Official             JASON ADAMS
      Committee of                 Kelley Drye & Warren LLP
13    Unsecured Creditors:         101 Park Avenue
                                   New York, NY 10178
14
      For Kimco Realty             MICHELLE SHRIRO
15    Corporation, Site            Singer & Levick PC
      Centers Corporation          16200 Addison Road, Suite 140
16    and Various Other            Addison, Texas 75001
      Landlords:
17
      For Wilmington Trust,        JASON ANGELO
18    National Association,        MICHAEL COOLEY
      as Indenture Trustee:        Reed Smith LLP
19                                 811 Main Street, Suite 1700
                                   Houston, TX, 77002-6110
20
      For The Official             TODD A. ATKINSON
21    Committee of Unsecured       Womble Bond Dickinson (US) LLP
      Creditors:                   811 Main St Suite 3130
22                                 Houston, TX 77002

23    For Debtors:                 MATT BARR
                                   SCOTT BOWLING
24                                 CLIFFORD CARLSON
                                   PAUL GENENDER
25                                 ALFREDO PEREZ
```

```
 1                                      AMANDA PRUGH
                                        LAUREL ROGLEN
 2                                      Weil Gotshal
                                        700 Louisiana Street, Suite 1700
 3                                      Houston, TX 77002

 4      For Vestar California           DAVID BLAU
        XXII, LLC, RPT Realty,          Clark Hill PLC
 5      LP, and Brandon                 909 Fannin St #2300
        Associates Southgate,           Houston, TX 77010
 6      LLC:

 7      For Credit Suisse AG,           HENRY FLORES
        Cayman Islands Branch,          Rapp & Krock PC
 8      as Agent:                       1980 Post Oak Blvd Suite 1200
                                        Houston, TX 77056
 9
        For Brookfield Retail           IVAN GOLD
10      Properties; River Oaks          Allen Matkins Leck Gamble
        Properties, Ltd.; VR            Mallory & Natsis LLP
11      Partners I, L.P.;               6701 Fannin St
        Weingarten Realty               Houston, TX 77030
12      Investors:

13      For DIP lenders:                JASON RUBIN
                                        Akin Gump Strauss Hauer & Feld
14                                      1111 Louisiana St # 44
                                        Houston, TX 77002
15
        Witnesses:                      JAMES HOWELL
16                                      JONATHAN WALTERS
                                        CHAD ERIC COBEN
17
        Court Reporter:                 UNKNOWN
18
        Courtroom Deputy:               UNKNOWN
19
        Transcribed by:                 Veritext Legal Solutions
20                                      330 Old Country Road, Suite 300
                                        Mineola, NY 11501
21                                      Tel: 800-727-6396

22


23
        Proceedings recorded by electronic sound recording;
24      Transcript produced by transcription service.

25
```

```
 1    (indiscernible) we thought it was a fair deal and we fought

 2    hard for it, and to the (indiscernible) request of the Court

 3    for that and an order within (indiscernible).

 4              THE COURT:  Mr. Carlson, if we were to order the

 5    debtors to establish a $13 million catch-up reserve next

 6    week, is that consistent with what your rights are under the

 7    DIP order?

 8    CARLSON: If we are permitted to do a $13 million reserve for

 9    catch-up payments?

10              THE COURT:  Right, if I ordered it -- when this

11    money gets funded, that you take 13 million and you put it

12    into a reserve next week so that you then have it for the

13    November rent catch-up payment, does that in any way violate

14    any of your obligations under this DIP order?

15    CARLSON: It may violate -- well, taking a look at it, it may

16    violate communications on (indiscernible) that, in paragraph

17    21 that provide limitations on use of (indiscernible).  It

18    would not be necessarily consistent with our budget in that

19    paragraph.  But I think that is (indiscernible) the DIP

20    order probably would not allow for that.

21              THE COURT:  So Mr. Rubin, let me ask you a couple

22    questions.  I'm not sure that it would violate the terms but

23    I'm not sure it wouldn't if I were to order that the debtors

24    go ahead and establish a $13 million reserve for those

25    catch-up payments.  That would eliminate a lot of the
```

```
 1    landlords' concerns over giving the 506(c) waiver up front.

 2    Which is something that they're raising pretty hard.  And I

 3    don't know that it hurts your clients at all to do that.

 4              And then the second question that I have for you

 5    about a change in the order -- and I am worried despite the

 6    fact that I said to Mr. Adams that doesn't prohibit you from

 7    doing things, it just prohibits you from getting paid for

 8    it.  It would seem to me that the committee has to get

 9    funded by the debtors, and that if they're doing their job

10    that doesn't include a challenge to your lien position or a

11    suit against you all up until the point of default.

12              That that language can largely be eliminated just

13    by adding language at the beginning of it that says prior to

14    the event of a default they can be -- or after an event of

15    default they can't be paid for these things and they can

16    never be paid for suing you.  I don't see much injury to

17    your client because we all know that the professional fees

18    have to get paid in the case.

19              And it is a bit distasteful to do it -- I don't

20    know that it's wrong, I don't know that I shouldn't approve

21    it and I'm not -- trying not to dictate to you, but just

22    kind of raising those two questions for you as maybe

23    reasonable actions to take at this point.  What's your

24    reaction?

25              MR. RUBIN:  Sure, Your Honor.  Jason Rubin from
```