**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br>Banners of Abingdon, LLC., *et al.*,[1]<br>Debtors. | Case No. 25-00378<br>Chapter 11 (Jointly Administered) |

**OBJECTION TO MOTION TO SUBSTANTIVELY CONSOLIDATE**

Matthew W. Cheney, Acting U. S. Trustee for Region Four, by counsel, objects to the debtors' Motion to Jointly Administer and Substantively Consolidate Bankruptcy Estates For All Purposes ("Motion") for the reasons set forth below.

**INTRODUCTION**

1.  Matthew W. Cheney is the Acting United States Trustee for Region Four, which includes the District of Columbia. The U.S. Trustee is charged with monitoring and supervising the administration of cases commenced under Chapters 7, 11, 12, and 13 of the United States Bankruptcy Code pursuant to 28 U.S.C. §586(a)(3). The U.S. Trustee may appear and be heard on any issue in any case. 11 U.S.C. §307.

---

[1] The Debtors in these cases are Banners of Abingdon, LLC; Banners of Reston, Inc.; Banner's of Dulles Town, Inc.; Banner's of Fair Oaks, LLC; Banner's Of Ashburn, LLC; Banner's of Gainesville, LLC; Banner's of Warrenton, LLC; Banner's of South Riding, LLC; Banner's of Stafford, LLC; Banner's of Oakton, LLC; Banner's of Bradlee Center, LLC; Banners of Fair Lakes, LLC; Banners of Woodbridge LLC; Banners of Williamsburg LLC; Banners of Newport News LLC; Banners of Commonwealth Midlothian LLC; Banners of Village Market Place Midlothian LLC; Banners of Fairfield Virginia Beach LLC; Banners of Hilltop Virginia Beach LLC; Banners of Central Park Fredericksburg LLC; Banners of Cosner's Corner Fredericksburg LLC; Banners of York River LLC; Banners of Lynchburg, LLC; Banners of Harrisonburg VA LLC; Banners of Winchester LLC; Banners of Christiansburg VA LLC; Banners of Chesapeake VA LLC; Banners of Columbus Village VA Beach LLC; Banner's of Burke, LLC; Banner's of Kamp Washington, LLC; Banners of Suffolk II LLC; Banners of Suffolk LLC; Banners of Henrico LLC; Banners Of Waynesboro LLC; Banners of Roanoke LLC; Banners of Rocky Mount VA, LLC; Banners of Manassas II LLC; Banners of Charlottesville LLC; Banners of Kingstowne LLC; Banners of Leesburg, LLC; and LBPO Management, LLC.

Kenneth N. Whitehurst, III, Esq., AUST, VSB No. 48919
Office of the U.S. Trustee
200 Granby Street, Room 625
Norfolk, VA  23510
(757) 441-6012

Michael T. Freeman, Esq., AUST
Kristen L. Eustis, Esq.
Office of the U.S. Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-7176

2. On September 14-16, 2025, Banners of Abingdon, LLC ("Abingdon"), 39 "Banners of" corporations and LLCs affiliated with the leases and utilities for retail Hallmark Gold Crown stores in Virginia (the "Banners Entities"), and LBPO Management, LLC ("LBPO"), the Maryland entity that operates the entire retail operation, filed voluntary petitions for chapter 11 bankruptcy protection with this Court.

3. On September 15, 2025, the Debtors filed their Motion, which seeks both joint administration of these cases, and substantive consolidation of the debtors' estates.

4. The U.S. Trustee does not object to the joint administration of these cases, and this Court has granted that portion of the relief requested in the Motion. The Debtors' request for substantive consolidation, however, is not appropriate, and should be denied.

5. On September 23, 2025, the U.S. Trustee filed a Motion to Dismiss Banners of Abingdon, LLC and Transfer or Dismiss All Remaining Cases. Nothing herein is intended to waive any of the U.S. Trustee's arguments concerning the dismissal or transfer of these cases.

## FACTUAL BACKGROUND

6. Each of the debtors is 100% owned by the Maryland corporation, A&S, Inc.

7. Leonard Banner owns 85% of A&S, Michael Postal owns the remaining 15%.

8. A&S, LBPO, and Abingdon, all share a principal place of business at 443 N. Frederick Avenue, Gaithersburg, Maryland, 20877. The Banners Entities' principal places of business are their respective store locations in Virginia.[2]

9. According to the debtors, all of the operations of the Hallmark stores, with the exception of each location's lease and some utilities contracts, are conducted from LBPO.

---

[2] With the exception of Banner's of Charlottesville, LLC, each of the Banners Entities have listed the Gaithersburg Address as their Principal Office Address with the Virginia State Corporation Commission.

10. According to the Motion, all of the inventory sold in the various debtor storefronts is purchased by LBPO, both from Hallmark, and "Allied vendors." Motion, ¶¶ 6-7.

11. Each of the retail employees working in the stores reflected in the leases of the Banners Entities is employed by LBPO, not the Banners Entities debtor associated with their individual store's lease.

12. None of the Banners Entities have any affiliation with Abingdon, or any other of the Banners Entities, except for their common ownership, and their shared relationship with LBPO.

13. Abingdon is a now-cancelled Maryland LLC that was associated with the operation of a Hallmark location in Abingdon, Maryland no longer affiliated with LBPO or the Banners Entities. Abingdon has no assets and no creditors.

14. According to the testimony of Michael Postal and the representations of Debtors' Counsel, the Banners Entities each have only lease and utility obligations specific to the Hallmark store location for which they are named. They have no assets, and their obligations are paid by LBPO. [3] *See also*, Motion, ¶ 12 ("The *only* obligations of the filing Debtors, that are not clearly or presumptively the direct obligations of LBPO, are in the nature of (1) rent payable to landlords for Leased Locations; and (ii) utility obligations for Leased Locations.").

15. The Banners Entities each have their own landlord and utilities creditors. Those creditors' claims are specific to the operations of a unique Hallmark store location. They are unrelated to the operation of the other debtors' store locations.

---

[3] On Schedule A/B, the Debtors disclose that Banners of York River LLC has an account at BayPort Credit Union, with a balance of $1,840.56. *See* Dkt. 88.

**LEGAL ARGUMENT**

The debtors improperly seek this Court's approval to overlook all corporate distinctions between them, and to effectively merge their assets and obligations into one bankruptcy estate, primarily for the administrative convenience of debtors' counsel. Such a merger at this early stage may have unforeseeable and unjust consequences for the debtors' distinct estates and creditors. This Court should deny the Motion, and reject the debtors' request for substantive consolidation.[4]

In recognizing the equitable power to consolidate bankruptcy cases, the DC Circuit began its analysis by observing that "the Bankruptcy Code nowhere specifically authorizes consolidation of separate estates…." *Drabkin v. Midland Ross Corp. (In re Auto-Train Corp.)*, 810 F.2d 270, 276 (D.C. Cir. 1987). The courts that have considered substantive consolidation, including this one, agree that it is "an extraordinary remedy" to be" used sparingly." *Union Sav. Bank v. Augie/Restivo Baking Co., Ltd. (In re Augie/Restivo Baking Co.)*, 860 F.2d 515, 518 (2d Cir. 1988); *Chem. Bank. New York Trust Co. v. Kheel*, 369 F2d 845, 847 (2d Cir. 1966); *In re Smith*, 2009 Bankr. LEXIS 1225 at *3 (Bankr. E.D.N.C. April 29, 2009); *In re Southern Terrace, L.P.*, 1998 Bankr. LEXIS 1975 at *2 (Bankr. D.D.C. Feb. 5, 1998).

Judge Teel of this Court noted that substantive consolidation creates "the possibility of unfair treatment of creditors of a corporate debtor who have dealt solely with that debtor without knowledge of its interrelationship with others." *Southern Terrace*, 1998 Bankr. LEXIS 1975 at *2 (quoting *Kheel, supra*). Further, this Court observed that "Substantive consolidation may have a serious impact on creditors' recoveries "because every entity is likely to have a different debt-

---

[4] Denial of the Motion should not preclude the debtors from proposing a merger or consolidation in their Plan of Reorganization. 11 U.S.C. § 1123(5)(C).

to-asset ratio, [so that] consolidation almost invariably redistributes wealth among the creditors of the various entities. *Id*. (quoting *Auto-Train, supra)*.

Nevertheless, this Court has consistently considered the two *Augie/Restivo* factors when asked to substantively consolidate bankruptcy estates:

> (i) whether creditors dealt with the entities as a single economic unit and 'did not rely on their separate identity in extending credit,' or (ii) whether the affairs of the debtors are so entangled that consolidation will benefit all creditors.

*Webter v. TCA TrustCorp Am. (In re Du Hancourt)*, 2020 Bankr. LEXIS 3305 at *19 (Bankr. D.D.C. Nov. 24, 2020); *Southern Terrace*, 1998 Bankr. LEXIS 1975 at *4 (quoting *Augie/Restivo*, 860 F.2d at 518). The D.C. Circuit has specifically cautioned that this Court "must conduct a searching inquiry to ensure that consolidation yields benefits offsetting the harm it inflicts on objecting parties" before granting such a request. *Auto-Train*, 810 F.2d 276 ("The proponent must show not only a substantial identity between the entities to be consolidated, but also that consolidation is necessary to avoid some harm or to realize some benefit.). *See also, In re Snider Bros., Inc.*, 18 Bankr. 230, 237-38 (Bankr. D. Mass. 1982); *Flora Mir Candy Corp. v. R.S. Dickson & Co.*, 432 F.2d at 1063; *Kheel*, *supra*. In the face of an objection to substantive consolidation, the court may order consolidation only if it determines that the demonstrated benefits of consolidation "heavily" outweigh the harm. *Id.* (citing *In re Continental Vending Machines Corp., 517 F.2d 997, 1001*. (2d Cir. 1975), *cert. denied*, 424 U.S. 913, 96 S. Ct. 1111, 47 L. Ed. 2d 317 (1976).

The debtors in these cases, like in *Southern Terrace*, have common ownership. There is, so far, "no allegation that assets have been commingled or improperly transferred between the debtors, or that there has been a muddling of which debtors are liable for which debts." *Southern Terrace*, at *4. In their motion, the debtors clearly explain that LBPO is the main entity from

which the various debtor stores were operated. It is the only debtor with employees, and the only debtor with bank accounts, other than a relatively small amount in the name of Banners of York River LLC. While consolidation may yield administrative benefits for debtors' counsel, it may result in harms this Court is not yet able to discern. There is not "substantial identity" among the various Banners Entities, only common ownership. As in *Southern Terrace*, the debtors' cases should be jointly administered, but not substantively consolidated. The Motion should be denied to the extent it seeks such extraordinary relief.

## CONCLUSION

**WHEREFORE**, the U.S. Trustee respectfully requests that the Court deny the Motion to the extent it seeks substantive consolidation of the Debtors' estates, and grant such other relief as is just and proper.

Respectfully submitted,

Matthew W. Cheney
Acting United States Trustee
Region 4

By: /s/ Kenneth N. Whitehurst, III
    Kenneth N. Whitehurst, III
    Assistant U.S. Trustee

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2025, I caused a true and correct copy of the foregoing Objection to be served electronically upon all parties that have opted to receive notice via NextGen CM/ECF in this case.

/s/ Kenneth N. Whitehurst, III