**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br>Banners of Abingdon, LLC., *et al.*,[1]<br>　　　　　Debtors. | Case No. 25-00378-ELG<br>Chapter 11 (Jointly Administered) |

**STIPULATIONS OF FACT**

Movant Matthew W. Cheney, Acting United States Trustee for Region 4, and the above-styled debtors/respondents, by counsel, agree to the following stipulations of fact in connection with the U.S. Trustee's Motion to Dismiss Banners of Abingdon, LLC and Transfer or Dismiss All Remaining Cases:

*Introduction*

1.　　Movant Matthew W. Cheney is the Acting United States Trustee for Region 4.

---

[1] The Debtors in these cases are Banners of Abingdon, LLC; Banners of Reston, Inc.; Banner's of Dulles Town, Inc.; Banner's of Fair Oaks, LLC; Banner's Of Ashburn, LLC; Banner's of Gainesville, LLC; Banner's of Warrenton, LLC; Banner's of South Riding, LLC; Banner's of Stafford, LLC; Banner's of Oakton, LLC; Banner's of Bradlee Center, LLC; Banners of Fair Lakes, LLC; Banners of Woodbridge LLC; Banners of Williamsburg LLC; Banners of Newport News LLC; Banners of Commonwealth Midlothian LLC; Banners of Village Market Place Midlothian LLC; Banners of Fairfield Virginia Beach LLC; Banners of Hilltop Virginia Beach LLC; Banners of Central Park Fredericksburg LLC; Banners of Cosner's Corner Fredericksburg LLC; Banners of York River LLC; Banners of Lynchburg, LLC; Banners of Harrisonburg VA LLC; Banners of Winchester LLC; Banners of Christiansburg VA LLC; Banners of Chesapeake VA LLC; Banners of Columbus Village VA Beach LLC; Banner's of Burke, LLC; Banner's of Kamp Washington, LLC; Banners of Suffolk II LLC; Banners of Suffolk LLC; Banners of Henrico LLC; Banners Of Waynesboro LLC; Banners of Roanoke LLC; Banners of Rocky Mount VA, LLC; Banners of Manassas II LLC; Banners of Charlottesville LLC; Banners of Kingstowne LLC; Banners of Leesburg, LLC; and LBPO Management, LLC.

| | |
|---|---|
| Kenneth N. Whitehurst, III, Esq., AUST, VSB No. 48919<br>Office of the U.S. Trustee<br>200 Granby Street, Room 625<br>Norfolk, VA  23510<br>(757) 441-6012 | Michael T. Freeman, Esq., AUST<br>Kristen L. Eustis, Esq.<br>Office of the U.S. Trustee<br>1725 Duke Street, Suite 650<br>Alexandria, VA 22314<br>(703) 557-7176 |

2. On September 14, 2025, Banners of Abingdon, LLC ("Abingdon") filed a voluntary petition for chapter 11 bankruptcy protection with this Court.

3. From September 14-16, 2025 the debtors filed 40 more related cases with this Court. Of those, 39 are "Banners of" LLCs and corporations affiliated with the leases and utilities for retail Hallmark Gold Crown stores in Virginia (the "Banners Entities").

4. The final filing is for LBPO Management, LLC ("LBPO"), the entity from which the entire retail operation, for all locations, is operated.

5. Exhibit 4 is a true and accurate printout, made post-petition, from the debtors' website: www.bannershallmark.com/pages/contact-us.

6. The debtors' website contains this statement:

> Banner's is a family owned and operated card and gift Specialty Company dating back to the 1970's. From its early beginning as a card, gift and stationery store, it has grown into a very well respected Hallmark Gold Crown Chain. Banner's Corporate Headquarters is located in Gaithersburg, Maryland. Our senior management and staff have hundreds of years of retail experience. Through the years, we have grown from one store to a chain of 39 Hallmark Gold Crown Stores in Virginia.

7. Each debtor is 100% owned by A&S, Inc., a corporation organized under Maryland law.

8. Leonard Banner owns 85% of A&S.

9. Michael Postal owns the remaining 15% of A&S.

10. A&S is not registered to do business in the District of Columbia.

11. A&S, LBPO, and Abingdon, all have a place of business at 443 N. Frederick Avenue, Gaithersburg, Maryland, 20877 (the "Gaithersburg Address").

12. On August 26, 2025, A&S filed a Resolution with the state of Maryland, changing its registered agent from Leonard Banner to Edward Scott, but retaining the Gaithersburg Address.

13. Exhibit 10 is a true and accurate copy of that Resolution.

14. Exhibit 5 is a July 2025 photograph of the Gaithersburg Address, indicating that the building has a sign for "The Banner Companies."

15. Abingdon was organized under Maryland law in 2023 as a limited liability company. It previously was associated with the operation of a Hallmark store at 3473 Merchants Blvd, Suite F in Abingdon, Maryland.

16. Exhibit 6 is a true and accurate copy of Abingdon's Maryland Articles of Organization.

17. According to Exhibit 6, Abingdon's registered agent was Michael Postal, at the Gaithersburg Address.

18. Abingdon ceased retail operations in July 2025, when its affiliated Hallmark store and its inventory were sold with other Maryland Hallmark stores previously operated by LBPO.

19. On August 29, 2025, Abingdon filed Articles of Cancellation with the Maryland Department of Assessments and Taxation.

20. Exhibit 7 is a true and correct copy of Abingdon's Articles of Cancellation.

21. The Articles of Cancellation were prepared and submitted by Michael Postal on behalf of Abingdon.

22. On the Articles of Cancellation, Mr. Postal represented that Abingdon's principal place of business was the Gaithersburg Address.

23. On the Articles of Cancellation, Abingdon identified A&S as the only member of the LLC designated to wind up its affairs.

24. On the Articles of Cancellation, Abingdon represented that it "has no known creditors."

25. Contemporaniously therewith, Abingdon registered as a foreign entity in the District of Columbia, indicating a principal place of business at 1801 16th Street Northwest, Unit 606, Washington DC, 20009 (the "Postal Address").

26. On its Petition, filed just sixteen days later, Abingdon represents that its principal place of business is the Postal Address. Petition, Dkt. 1, Line 4.

27. 1801 16th Street, NW, Unit 606 is Mr. Postal's personal residence.

28. Abingdon has no tangible assets in the District of Columbia.

29. Abingdon represents in its Petition that the "Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition[2] or for a longer part of such 180 days than in any other district."

30. On Lines 13-16 of its Petition, Abingdon represents that funds will be available for distribution to unsecured creditors, that it estimates having 200-999 creditors, with both assets and liabilities between ten million and fifty million dollars.

31. Notes appended to Abingdon's petition, and to the petitions of all debtors, indicate that the estimated number of creditors, and asset allocations, are applicable to the 41 debtors as a whole and not to any individual debtor.

32. Abingdon's Petition is signed by Michael Postal, who stated "I declare under penalty of perjury that the foregoing is true and correct."

---

[2] The dates that are 180-days preceding the petition dates are March 18-20, 2025.

33. All of the operations of the Hallmark stores are managed by LBPO.

34. LBPO is organized under Maryland law.

35. LBPO's principal assets are located in Virginia and Maryland.

36. LBPO holds no tangible, non-*de minimis* assets in the District of Columbia.

37. LBPO is not registered to do business in the District of Columbia.

38. LBPO's registered agent is Edward Scott, at the Gaithersburg Address.

39. Exhibit 9 is a true and accurate copy of a Resolution filed by LPBO with the state of Maryland on August 26, 2025, changing its registered agent from Leonard Banner at a Bethesda, Maryland address to Edward Scott, at the Gaithersburg Address.

40. 2 of the Banners Entities are corporations formed under Virginia law, and registered to do business in Virginia: Banners of Reston, Inc., and Banner's of Dulles Town, Inc.

41. The remaining 37 Banners Entities are limited liability companies organized under Virginia law, and registered to do business in Virginia.

42. According to previous testimony of Mr. Postal, the sole member of each of the Banners Entities is A&S.

43. In each of the Banners Entities' cases, the debtor indicates that its principal place of business is the location of a retail Banner's Hallmark Gold Crown store in Virginia.

44. Exhibit 11 shows the results of a post-petition search of the Virginia State Corporation's Clerk's Information System for entities with "Banners of" in their titles.

45. None of the Banners Entities list their principal place of business as being in DC on their respective bankruptcy petitions.

46. Thirty-three of the Banners Entities listed the Gaithersburg Address as their principal place of business with the Virginia State Corporation Commission.

47. Six Banners Entities, including Charlottesville, Kingstowne, Leesburg, Manassas II, Roanoke, and Waynesboro, identified the Virginia address of their affiliated Hallmark store as their principal place of business with the Virginia State Corporation Commission.

48. None of the Banners Entities are registered to conduct business in the District of Columbia.

49. None of the Banners Entities hold any tangible assets in the District of Columbia.

50. Each of the retail employees working in the stores reflected in the leases of the Banners Entities is compensated by LBPO, not the Banners Entities debtor associated with their individual store's lease.

51. LBPO's payroll is funded by LBPO. A related non-debtor entity, Banner Management Corporation, processes the payroll, and issues paychecks to the employees from an account in its name.

52. Each of the Banners Entities claims venue in this Court by its affiliation with Abingdon.

53. At the time of the filing of each of the Banners Entities' Petitions, LBPO was not a debtor in bankruptcy.

54. On Lines 13-16 of their respective Petitions, each of the Banners Entities represents that funds will be available for distribution to unsecured creditors, that it estimates having 200-999 creditors, and both assets and liabilities between ten million and fifty million dollars.

55. Notes appended to Banners Entities' petitions, and to the petitions of all debtors, indicate that the estimated number of creditors, and asset allocations, are applicable to the 41 debtors as a whole and not to any individual debtor.

56. According to the testimony of Michael Postal and the representations of Debtors' Counsel, most Banners Entities each have express lease and utility obligations specific to the Hallmark store location for which they are named.

57. According to the Schedules, one of the Banners Entities, York River, holds a checking account balance of $1,840.56 at BayPort Credit Union.

58. BayPort Credit Union has no locations within the District of Columbia.

59. Exhibits 1-11 are admissible.

60. The Court may take judicial notice of the Petition filed at ECF No. 1 in each of the Debtors' cases.

          MATTHEW W. CHENEY
          U.S. Trustee for Region 4

          By: /s/ Kenneth N. Whitehurst, III
               Kenneth N. Whitehurst, III
               Assistant U.S. Trustee

BANNERS OF ABINGDON, LLC, *et al.*[1], DEBTORS

          By: /s/ Maurice B. VerStandig
               Maurice B. VerStandig, Esq.
               Proposed Debtors' Counsel

(Signature affixed by Mr. Whitehurst with permission from Mr. VerStandig received via email dated October 21, 2025)