IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-378-ELG |
| | ) | (Chapter 11) |
| Banners of Abingdon, LLC, *et al.*[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**ORDER GRANTING LIMITED INTERIM RELIEF
ON MOTION FOR LEAVE TO INCUR POST-PETITION
<u>DEBTS AND USE CASH COLLATERAL</u>**

---

[1] The Debtors in these cases are Banners of Abingdon, LLC; Banners of Reston, Inc.; Banner's of Dulles Town, Inc.; Banner's of Fair Oaks, LLC; Banner's Of Ashburn, LLC; Banner's of Gainesville, LLC; Banner's of Warrenton, LLC; Banner's of South Riding, LLC; Banner's of Stafford, LLC; Banner's of Oakton, LLC; Banner's of Bradlee Center, LLC; Banners of Fair Lakes, LLC; Banners of Woodbridge LLC; Banners of Williamsburg LLC; Banners of Newport News LLC; Banners of Commonwealth Midlothian LLC; Banners of Village Market Place Midlothian LLC; Banners of Fairfield Virginia Beach LLC; Banners of Hilltop Virginia Beach LLC; Banners of Central Park Fredericksburg LLC; Banners of Cosner's Corner Fredericksburg LLC; Banners of York River LLC; Banners of Lynchburg, LLC; Banners of Harrisonburg VA LLC; Banners of Winchester LLC; Banners of Christiansburg VA LLC; Banners of Chesapeake VA LLC; Banners of Columbus Village VA Beach LLC; Banner's of Burke, LLC; Banner's of Kamp Washington, LLC; Banners of Suffolk II LLC; Banners of Suffolk LLC; Banners of Henrico LLC; Banners Of Waynesboro LLC; Banners of Roanoke LLC; Banners of Rocky Mount VA, LLC; Banners of Manassas II LLC; Banners of Charlottesville LLC; Banners of Kingstowne LLC; Banners of Leesburg, LLC; and LBPO Management, LLC.

Upon consideration of the Motion for Leave to Incur Post-Petition Debts and Use Cash Collateral (the "Motion"), ECF #6, the evidence adduced thereupon at hearings thereupon, the arguments made therein, applicable law, and the record herein, it is, by the United States Bankruptcy Court for the District of Columbia, hereby:

ORDERED, that the Motion be, and hereby is, GRANTED IN PART on an INTERIM BASIS; and it is further

ORDERED, that the debtors be, and hereby are, permitted to use the cash collateral of secured creditors on an interim basis, to and through October 29, 2025, subject to the terms and conditions set forth in this order; and it is further

ORDERED, that any secured creditor whose cash collateral is so utilized by any one or more debtors is granted an automatically perfected post-petition superpriority replacement lien (the "Replacement Lien," with said liens being known, in the aggregate, as the "Replacement Liens"), to the extent of any resulting diminution in said creditor's pre-petition security interest in the cash collateral of the debtors, with said replacement lien to attach to all post-petition assets of the debtors(s) including, but not limited to, cash, merchandise, tangible goods, intangible goods, and all other rights cognizable under law (the "Replacement Collateral"), except as expressly provided for otherwise herein; and it is further

ORDERED, that the priority of creditors receiving replacement liens per the foregoing paragraph shall be in the same order and proration as existed pre-petition in connection with the cash collateral to be utilized by the debtor(s); and it is further

ORDERED, that the post-petition utilization of cash collateral and the funds from the DIP Loan (as defined below) shall be in accord with the terms of the budget filed by the debtors, as found on the docket at ECF #38, with the debtors not being permitted to use cash collateral or the

proceeds of the DIP Loan in any budgeted period in any gross sum greater than 110% of that projected on the budget but with the debtors being permitted such variances, within the gross bottom line budgeted sum, as they may deem advisable in their business judgment; provided, further, for the avoidance of doubt, notwithstanding anything to the contrary in any definitive documentation and notwithstanding any absence of a line item for certain operating expenses in the budget correlative to the use of cash collateral or the DIP Loan, the debtors shall be authorized to use funds in any budgeted period to pay the operating expenses of these estates, including rent, so long as such amounts do not exceed any gross sum greater of 110% of that projected for any budget period; and it is further

ORDERED, that notwithstanding anything to the contrary in this Order, for purposes of this Order, the Replacement Liens shall not encumber and the Replacement Collateral shall not include (i) leasehold interests of non-residential real property unless the applicable lease permits the granting of such liens (but shall include the proceeds of the sale or disposition of such leases) and (ii) any security deposits (in possession of the landlord) or the debtors' interests, if any, in pre-paid rent, unless liens on such security deposits or pre-paid rent are expressly permitted pursuant to the underlying lease documents; provided that, the Replacement Liens shall extend to any such security deposits or pre-paid rent upon reversion thereof to the debtors; and it is further

ORDERED, that notwithstanding anything to the contrary herein, except as subject to the terms of the debtors' nonresidential real property leases and otherwise to the fullest extent provided by applicable law, any rights granted herein shall not interfere with any rights held by a landlord to insurance proceeds for damage to a landlord's property

I ask for this:

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Debtors*