**Signed: October 27, 2025**

**The Court has reviewed the order below and determines it is appropriate to enter such order without any additional endorsements given the passage of time since the final hearing thereon; therefore the requirement for any additional endorsements under LBR 9072-1 are hereby waived.**

_____
Elizabeth L. Gunn
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-378-ELG |
| | ) | (Chapter 11) |
| Banners of Abingdon, LLC, *et al.*[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**ORDER GRANTING RELIEF
ON MOTION FOR LEAVE TO INCUR POST-PETITION
<u>DEBTS AND USE CASH COLLATERAL</u>**

---

[1] The Debtors in these cases are Banners of Abingdon, LLC; Banners of Reston, Inc.; Banner's of Dulles Town, Inc.; Banner's of Fair Oaks, LLC; Banner's Of Ashburn, LLC; Banner's of Gainesville, LLC; Banner's of Warrenton, LLC; Banner's of South Riding, LLC; Banner's of Stafford, LLC; Banner's of Oakton, LLC; Banner's of Bradlee Center, LLC; Banners of Fair Lakes, LLC; Banners of Woodbridge LLC; Banners of Williamsburg LLC; Banners of Newport News LLC; Banners of Commonwealth Midlothian LLC; Banners of Village Market Place Midlothian LLC; Banners of Fairfield Virginia Beach LLC; Banners of Hilltop Virginia Beach LLC; Banners of Central Park Fredericksburg LLC; Banners of Cosner's Corner Fredericksburg LLC; Banners of York River LLC; Banners of Lynchburg, LLC; Banners of Harrisonburg VA LLC; Banners of Winchester LLC; Banners of Christiansburg VA LLC; Banners of Chesapeake VA LLC; Banners of Columbus Village VA Beach LLC; Banner's of Burke, LLC; Banner's of Kamp Washington, LLC; Banners of Suffolk II LLC; Banners of Suffolk LLC; Banners of Henrico LLC; Banners Of Waynesboro LLC; Banners of Roanoke LLC; Banners of Rocky Mount VA, LLC; Banners of Manassas II LLC; Banners of Charlottesville LLC; Banners of Kingstowne LLC; Banners of Leesburg, LLC; and LBPO Management, LLC.

Upon consideration of the Motion for Leave to Incur Post-Petition Debts and Use Cash Collateral (the "Motion"), ECF #6, the evidence adduced at a hearing thereupon, the arguments made therein, applicable law, and the record herein, it is, by the United States Bankruptcy Court for the District of Columbia, hereby:

ORDERED, that the Motion be, and hereby is, GRANTED IN PART; and it is further

ORDERED, that the debtors are permitted to borrow monies, post-petition, in accord with the DIP Loan Term Sheet between debtors and Michael Postal (the "DIP Lender," with the loan itself being the "DIP Loan"), ECF #20, subject to the following clarifications: (i) the requirement that a plan of reorganization be filed by March 2, 2026, set forth in Section 9 thereof, not be construed as altering the requirement that such a plan be confirmed by December 31, 2025 (with it being expressly understood a plan must be confirmed by December 31, 2025); (ii) the commitment fee set forth in Section 6 thereof shall only apply to monies actually loaned to the debtors and shall not apply to the full extent of the facility unless fully drawn; (iii) the commitment fee set forth in Section 6 thereof shall only apply to the initial draw of any given monies and shall not be applied to the subsequent utilization of already-loaned monies; and (iv) the lien of the DIP Lender (the "DIP Lien") shall only attach to products purchased with loaned monies and the proceeds thereof provided, however, said lien shall also attach to any product purchased with said proceeds and the proceeds of said product (the "DIP Collateral"), with the burden being on the debtors to utilize their internal controls and tracking systems to ensure said monies, product and proceeds may be appropriately tracked at all times; and it is further

ORDERED, that notwithstanding anything to the contrary in this Order, for purposes of this Order, the Replacement Liens (or any DIP Lien) shall not encumber and the Replacement Collateral (or DIP Collateral) shall not include (i) leasehold interests of non-residential real

property unless the applicable lease permits the granting of such liens (but shall include the proceeds of the sale or disposition of such leases) and (ii) any security deposits (in possession of the landlord) or the debtors' interests, if any, in pre-paid rent, unless liens on such security deposits or pre-paid rent are expressly permitted pursuant to the underlying lease documents; provided that, the Replacement Liens (or DIP Lien) shall extend to any such security deposits or pre-paid rent upon reversion thereof to the debtors; and it is further

ORDERED, that notwithstanding anything to the contrary herein, except as subject to the terms of the debtors' nonresidential real property leases and otherwise to the fullest extent provided by applicable law, any rights granted herein shall not interfere with any rights held by a landlord to insurance proceeds for damage to a landlord's property.

I ask for this:

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Debtors*