Darrell W. Clark, No. 450273
Bradley D. Jones, No. VA 68
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel:     (202) 728-3019 (Mr. Clark)
         (202) 572-9903 (Mr. Jones)
Fax:     (202) 572-9943
Emails: darrell.clark@stinson.com
         brad.jones@stinson.com

*Counsel for Hallmark Marketing Company, LLC*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re: | ) |
|  | ) |
| Banners of Abingdon LLC, *et. al.*[1] | ) Case No. 25-00378-ELG |
|  | ) Chapter 11 |
| Debtor. | ) (Jointly Administered) |
|  | ) |

**OBJECTION TO PROPOSED ORDER ON**
**HALLMARK DIP FACILITY SUBMITTED BY THE DEBTORS**

The Term Sheet setting out the requirements of Hallmark's debtor-in-possession facility (the "Hallmark DIP Facility") requires the court orders approving that facility to be in a form and substance reasonably satisfactory to Hallmark. [Dkt. No. 31-1 at 12, "Events of Default"]. Despite

---

[1] The Debtors in these cases are Banners of Abingdon, LLC; Banners of Reston, Inc.; Banner's of Dulles Town, Inc.; Banner's of Fair Oaks, LLC; Banner's Of Ashburn, LLC; Banner's of Gainesville, LLC; Banner's of Warrenton, LLC; Banner's of South Riding, LLC; Banner's of Stafford, LLC; Banner's of Oakton, LLC; Banner's of Bradlee Center, LLC; Banners of Fair Lakes, LLC; Banners of Woodbridge LLC; Banners of Williamsburg LLC; Banners of Newport News LLC; Banners of Commonwealth Midlothian LLC; Banners of Village Market Place Midlothian LLC; Banners of Fairfield Virginia Beach LLC; Banners of Hilltop Virginia Beach LLC; Banners of Central Park Fredericksburg LLC; Banners of Cosner's Corner Fredericksburg LLC; Banners of York River LLC; Banners of Lynchburg, LLC; Banners of Harrisonburg VA LLC; Banners of Winchester LLC; Banners of Christiansburg VA LLC; Banners of Chesapeake VA LLC; Banners of Columbus Village VA Beach LLC; Banner's of Burke, LLC; Banner's of Kamp Washington, LLC; Banners of Suffolk II LLC; Banners of Suffolk LLC; Banners of Henrico LLC; Banners Of Waynesboro LLC; Banners of Roanoke LLC; Banners of Rocky Mount VA, LLC; Banners of Manassas II LLC; Banners of Charlottesville LLC; Banners of Kingstowne LLC; Banners of Leesburg, LLC; and LBPO Management, LLC.

1

this unambiguous requirement, on October 24, 2025, the Debtors filed on the docket of this Court a proposed final order related to the Hallmark DIP Facility (the "Debtors' Proposed Order") that was not a form acceptable to Hallmark. [Dkt. No. 108-4]. Hallmark Marketing Company, LLC ("Hallmark") therefore objects to Debtors' Proposed Order. In support of this Objection, Hallmark states as follows:

Through its debtor-in-possession facility, Hallmark is making a major investment in support of the Debtors. Hallmark is making this investment in an effort to assist the Debtors' efforts to keep its stores open, to save the jobs of the Debtors' approximately five hundred employees, and to provide this support in a manner consistent with Hallmark's own commercial interests and risk tolerances. The Hallmark DIP Facility was carefully negotiated, and as part of ensuring that it receives the benefits of its bargain, Hallmark negotiated for the opportunity to see and review the proposed orders to make sure the orders include the necessary protections Hallmark needs to support its In-Kind Loan.

Unfortunately, despite Hallmark engaging in a good faith effort to finalize language on an order that would be acceptable to it, the Debtors choose to submit an unacceptable order to the Court. Counsel for Hallmark was not provided with a copy of the Order prior to its submission to the Court. Worse, the Debtors' Proposed Order, unilaterally includes a paragraph at the beginning of page 7, attempting to have this Court strike the requirement in the approved Term Sheet that the order approving the Hallmark DIP Facility be in a form Hallmark approved without providing any notice to Hallmark of that unilateral modification.

The Debtors' knew this proposed was unacceptable because the filing included a preacipe stating that the order had not been endorsed by any counsel, that "it is reasonably anticipated the creditor may have issues with the language of the proposed order," and suggesting competing

orders may be submitted. [Dkt. No. 108]. On October 27, 2025, after Hallmark contacted counsel to explain its objections, the Debtors filed a *Notice Regarding Withdrawal of Proposed Order Without Prejudice*. [Dkt. No. 109]. However, that Notice still threatens to re-file and seek entry of an unacceptable order.

Hallmark objects to this conduct and asks that the Court not enter any final order regarding the Hallmark DIP Facility until these matters are resolved at an appropriately scheduled hearing. Moreover, the Court should reject an order submitted by the Debtors and enter an order acceptable to Hallmark so long as the order proposed by Hallmark is consistent with the Term Sheet this Court approved.

Hallmark has not assented to being an involuntary financier of the Debtors and these cases. By submitting the Proposed Order without Hallmark's approval and seeking to unilaterally adjust the Term Sheet without notice, the Debtors are seeking to force Hallmark to do just that. The Proposed Order submitted by the Debtors was for the approval of the Hallmark DIP Facility on a final basis, but (i) failed to include any reference to the definitive documents contemplated by the Term Sheet; (ii) failed to include any input or approval from Hallmark; and (iii) implicitly sought to approve the Hallmark DIP Facility on inconsistent and not bargained-for terms.

Section 364 of the Bankruptcy Code only contemplates financing on a voluntary basis and does not require Hallmark to involuntary fund this case. Hallmark is unaware of authority that could be used to compel it to become an involuntary lender. Other bankruptcy courts have recognized the Bankruptcy Code does not permit a debtor to force another party to serve as an involuntary lender. As one Court noted:

> [T]he Court is unaware of any legal authority by which it could compel Chrysler Financial to become an involuntary lender to the debtor-in-possession. Indeed, authority under the Bankruptcy Code appears to be otherwise. For example, 11 U.S.C.§ 363(b) provides that the debtor may sell, use or lease "property of the

3

estate." Funds that a lender owns is not "property of the estate." Another provision of the Bankruptcy Code, 11 U.S.C. § 364, appears to not be helpful **as this section applies only to voluntary extensions of credit, and nothing in the statute provides otherwise.**

*In re Roach Automotive, L.P.*, 540 B.R. 146, 147–48 (Bankr. W.D. Pa. 2007) (emphasis added).

Moreover, this Court already approved the Hallmark Term Sheet in connection with the interim In-Kind DIP Order. [Dkt. No. 48]. In reliance on this Order, Hallmark advanced $3.2 million of goods, benefiting the Debtors and their Bankruptcy Estates.

By submitting the Proposed Order seeking to strike and modify provisions of the Term Sheet, the Debtors are essentially seeking to alter or amend the interim In-Kind DIP Order or reconsider that order. However, the Debtors have not filed a Motion under Fed. R. Bankr. P. 9023 or Fed. R. Bankr. P. 9024 to do so. Following these rules would require the Debtors to set forth the basis for their rulings in a motion parties can respond to and have a hearing before this Court. Instead of properly setting forth their position on notice, the Debtors are seeking to slip a modification into a proposed order. This is improper. There is also no basis for this relief. With respect to the DIP Term Sheet, Hallmark is unaware of any mistake, newly discovered evidence, satisfaction, or any other reason to require modification of the parties agreement, which this Court approved. It is procedurally improper to attempt to modify the parties' bargained-for exchange by sneaking a paragraph in an order that the affected parties were not permitted to view or to provide a response. The Court should reject that effort and require the Debtors to reach agreement with Hallmark on the form of an appropriate order.

WHEREFORE, for the foregoing reasons, the Court should deny entry of a proposed final order as presented by the Debtors until such order has the endorsement of Hallmark.

4

Dated: October 29, 2025                                          Respectfully Submitted,

                                                                                                                  */s/ Bradley D. Jones*
Darrell W. Clark, No. 450273
Bradley D. Jones, No. VA 68
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel:     (202) 728-3019 (Mr. Clark)
         (202) 572-9903 (Mr. Jones)
Fax:    (202) 572-9943
Emails:  darrell.clark@stinson.com
         brad.jones@stinson.com

*Counsel for Hallmark Marketing Company, LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2025, I served a copy of the foregoing via CM/ECF upon all parties receiving notice thereby.

                                                                                    /s/ *Bradley D. Jones*
Bradley D. Jones

CORE/0500971.0226/233214677.1