# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In Re: ) | |
| ) | Case No. 25-00378-ELG |
| Banners of Abingdon, LLC, *et al.*, [1] ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |

## MOTION OF VILLAGE MARKETPLACE, LLC TO COMPEL IMMEDIATE PAYMENT OF OCTOBER AND NOVEMBER 2025 RENT AND COMMON AREA MAINTENANCE CHARGES PURSUANT TO 11 U.S.C. §§ 365(d)(3) and 503(b)(1)(A)

Village Marketplace, LLC (the "Landlord"), by counsel, hereby files this *Motion of Village Marketplace, LLC to Compel Immediate Payment of October and November 2025 Rent and Common Area Maintenance Charges Pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1)(A)* (the "Motion"), seeking an order substantially in the form attached hereto as **Exhibit C** requiring (a) immediate payment of rent and common area maintenance charges due for October 2025 and November 2025, plus the attorney fees incurred by the Landlord in connection with this Motion, and (b) timely payment of rent and other charges that become due in subsequent months.  In

---

[1] The Debtors in these cases are Banners of Abingdon, LLC; Banners of Reston, Inc.; Banner's of Dulles Town, Inc.; Banner's of Fair Oaks, LLC; Banner's Of Ashburn, LLC; Banner's of Gainesville, LLC; Banner's of Warrenton, LLC; Banner's of South Riding, LLC; Banner's of Stafford, LLC; Banner's of Oakton, LLC; Banner's of Bradlee Center, LLC; Banners of Fair Lakes, LLC; Banners of Woodbridge LLC; Banners of Williamsburg LLC; Banners of Newport News LLC; Banners of Commonwealth Midlothian LLC; Banners of Village Market Place Midlothian LLC; Banners of Fairfield Virginia Beach LLC; Banners of Hilltop Virginia Beach LLC; Banners of Central Park Fredericksburg LLC; Banners of Cosner's Corner Fredericksburg LLC; Banners of York River LLC; Banners of Lynchburg, LLC; Banners of Harrisonburg VA LLC; Banners of Winchester LLC; Banners of Christiansburg VA LLC; Banners of Chesapeake VA LLC; Banners of Columbus Village VA Beach LLC; Banner's of Burke, LLC; Banner's of Kamp Washington, LLC; Banners of Suffolk II LLC; Banners of Suffolk LLC; Banners of Henrico LLC; Banners Of Waynesboro LLC; Banners of Roanoke LLC; Banners of Rocky Mount VA, LLC; Banners of Manassas II LLC; Banners of Charlottesville LLC; Banners of Kingstowne LLC; Banners of Leesburg, LLC; and LBPO Management, LLC.

Neil E. McCullagh, Esquire (VSB #39027)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:  (804) 697-2000
Facsimile:  (804) 697-2100
*Counsel for Village Marketplace, LLC*

support thereof, the Landlord respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion presents a core proceeding under 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a), 365(d)(3), and 503(b)(1).

## BACKGROUND FACTS

3. On September 16, 2025 (the "Petition Date"), debtor Banners of Village Marketplace Midlothian LLC (the "Debtor") filed a Chapter 11 Voluntary Petition with this Court.

4. The Landlord leases to the Debtor the real property commonly known as 13112 Midlothian Turnpike, Midlothian, Virginia 23113 (the "Premises") pursuant to a Lease dated October 11, 2001, as amended (the "Lease").  A copy of the Lease is attached as **Exhibit A**.

5. The Lease has not been assumed or rejected, and the Debtor remains in possession of the Premises and continues to enjoy its full use and occupation.

6. The Debtor is obligated to pay the Landlord, without limitation, rent, common area maintenance charges, and real estate tax charges.  *See* Exhibit A, Fourth Lease Modification Agreement, at paragraphs 5 and 6.

7. Rent is due and payable on the first day of every month.  *See* Exhibit A, Lease dated October 11, 2001, at Section 17.4.

8. Common area maintenance charges are payable in monthly installments in amounts estimated by the Landlord.  *See* Exhibit A, Lease dated October 11, 2001, at Article 5.

9. Real estate tax charges are payable upon billing by the Landlord.  *See* Exhibit A, Lease dated October 11, 2001, at Article 7(b).

2

10. Since the Petition Date, the following rent and common area maintenance charges have accrued and become due and payable under the Lease:

| Due Date | Description | Amount |
|---|---|---|
| October 1, 2025 | Rent | $8,075.00 |
| October 1, 2025 | Common Area Maintenance | $1,389.38 |
| November 1, 2025 | Rent | $8,075.00 |
| November 1, 2025 | Common Area Maintenance | $1,389.38 |
| | Total | $18,928.76 |

(collectively, the "October & November Rent and CAM")

11. Attached as **Exhibit B** is the Landlord's ledger, which shows the October & November Rent and CAM and the dates it became due and payable.

12. On or about October 14, 2025, the Landlord, by counsel, contacted the Debtor's counsel to request payment of the October rent and CAM charges, but payment has not been received.

13. The Debtor's failures to pay the foregoing amounts constitute events of default under the Lease. *See* Exhibit A, Lease dated October 11, 2001, at Article 23(a)(2) ("The occurrence of any of the following shall constitute a default or breach of this Lease by Tenant: … (2) A failure by Tenant to pay when due any installment of rent, or any other payment required to be made by Tenant hereunder;").

14. The Lease requires the Debtor to reimburse the Landlord for attorney fees incurred due to the Debtor's default as follows:

> "In the event that at any time during the term of this Lease or thereafter, Landlord shall institute any action or proceedings against Tenant relating to the provisions of this Lease or any default by Tenant hereunder, then Tenant shall reimburse Landlord for the expense of such attorney's fees and disbursements as are incurred therein by Landlord should the Landlord prevail."

*See* Exhibit A, Lease dated October 11, 2001, at Article 30.

**RELIEF REQUESTED**

15. The Court should enter an order compelling the Debtor to (a) immediately pay the Landlord the October & November Rent and CAM, plus the attorney fees the Landlord has incurred in connection with this Motion, and (b) to timely pay the rent that becomes due under the Lease in subsequent months, all pursuant to 11 U.S.C. §§ 105(a), 365(d)(3), and 503(b)(1)(A).

16. Section 365(d)(3) requires a debtor-in-possession to pay timely all post-petition rent and related charges until an unexpired lease is rejected. *See* 11 U.S.C. § 365(d)(3) ("[t]he trustee shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of non-residential real property, until such leases is assumed or rejected, notwithstanding section 503(b)(l) of this title").

17. "The fundamental principle of § 365(d)(3) 'is that landlords, like other post-petition creditors, should receive full and timely payment for post-petition services.' This achieves fairness both for landlords and for bankruptcy estates." *In re NETtel Corp.*, 289 B.R. 486, 490 (Bankr. D.D.C. 2002) (*quoting CenterPoint Props. v. Montgomery Ward Holding Corp.*, 268 F.3d 205, 213 (3d Cir. 2001) (Mansmann, J., dissenting)).

18. Section 365(d)(3) "commands … that once the obligation for occupancy is classified as arising after the order for relief and prior to rejection, the obligation must be performed once the lease calls for the obligation to be performed." *In re NETtel Corp.*, 289 B.R. 486, 496 (Bankr. D.D.C. 2002).

19. The Debtor cannot ignore that command, and the Court can enter an order "appropriate to carry out" that command. 11 U.S.C. § 105(a). *In re Telesphere*, 148 B.R. 525, 531-532 (Bankr. N.D. Ill. 1994) ("Pursuant to the plain language of Section 365(d)(3), the trustee or debtor in possession has a duty, prior to assumption or rejection of a lease of nonresidential real

4

property, to make timely payment of the full rent due, from any available funds (subject to Section 363(c)(2) of the Code), regardless of the administrative solvency of the estate. No specific remedy is provided by the Code for violation of this duty. However, Section 105(a) of the Code provides authorization to the courts to 'issue any order, process, or judgment necessary or appropriate' to carry out the provisions of the Code. This provision allows the court to fashion an appropriate remedy where the Code is silent.").

20. Further, the "debtor's use and occupancy of leased premises post-petition is an actual and necessary expense of preserving the estate" giving rise to an administrative expense under section 503(b) of the Bankruptcy Code to the extent of "the actual value or benefit the debtor is receiving." *In re Sportsman's Warehouse, Inc.*, 436 B.R. 308, 315 (Bankr. D. Del. 2009). The rent payable to a landlord is "presumed to be the contract rate of rent". *In re Goody's Family Clothing, Inc.*, 443 B.R. 5, 20 (Bankr. D. Del. 2010); *see also In re Goody's Family Clothing, Inc.*, 610 F.3d 812, 818 (3d Cir. 2010 ("When third parties are induced to supply goods or services to the debtor-in-possession … the purposes of [Section 503] plainly require that their claims be afforded priority.").

21. Allowance and payment of an administrative expense claim under section 503(b) is appropriate, as the Debtor's use and occupancy of the Premises is a necessary expense of preserving the estate. The Debtor continues to use and occupy the Premises to the exclusion of the Landlord. Accordingly, Village Marketplace is entitled to be paid the October & November Rent and CAM as an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1).

22. The Debtors cannot pick and choose among their administrative expenses, paying some (such as professional fees) in full and others in part or not at all. To the extent the Debtors have already paid rent for October and/or November 2025 to some of their landlords, the Debtor's

5

failure to pay the Landlord for the same months creates an impermissible superpriority in favor of those other landlords. *Cf. In re NETtel Corp.*, 289 B.R. 486, 488 (Bankr. D.D.C. 2002) ("§365(d)(3) confers on a landlord no superpriority over other Chapter 7 administrative claims").

23. With respect to the Landlord's attorney fees incurred in connection with this Motion, the Lease provides that the Debtor's failure to pay rent when due is a default under the Lease and that the Debtor shall reimburse the Landlord for attorney's fees incurred "relating to the provisions of this Lease or any default by Tenant hereunder." The Debtor's failure to timely pay post-petition rent resulted in the need for the Landlord to file this Motion, resulting in reasonable attorney fees incurred of not less than $3,279.00. Accordingly, the Landlord requests that the Court direct the Debtor to also pay the Landlord reasonable attorney's fees totaling not less than $3,279.00 as an administrative expense of the estate. *See, e.g., In re Pelican Pool*, 2009 Bankr. Lexis 4623, *44-45 (Bankr. D.N.J. 2009) ("A significant number of courts have determined that a landlord is entitled to fees incurred in connection with administrative rent if authorized by the terms of the lease. *See, e.g.*, *Geonex*, 258 B.R. at 341; *In re Exchange Res., Inc.*, 214 B.R. 366, 369 (Bankr. D. Minn. 1997); *In re MS Freight Distribution, Inc.*, 172 B.R. at 978.").

24. Also, the Landlord requests an order compelling the Debtor timely pay all future pre-rejection obligations arising under the Lease as and when they come due. This is appropriate under §365(d)(3), as well as a matter of providing the Landlord adequate protection under 11 U.S.C. §§ 361 and 363(e) due to the Debtors' continuing use of the Premises.

**RESERVATION OF RIGHTS**

25. The Landlord reserves its right to request the allowance and payment of an administrative expense claim for rent and other charges that accrued or may have accrued and become due and payable in September 2025. The Landlord believes that demand for payment of

September rent is not appropriate in this Motion because the Lease called "for the obligation to be performed" before the Petition Date – i.e., the Lease it called for September rent to be paid on September 1, 2025. In other words, the Landlord understands this Court's ruling in *In re NETtel Corp.* to require that rent both have accrued post-petition and its due date to have occurred post-petition in order for § 365(d)(3) to compel its payment.

26. The Landlord further reserves its right to amend, modify, or supplement this Motion, including, without limitation, adding any obligations that accrue, arise, or are related to the pre-assumption period that subsequently become known to the Landlord or that become defaulted with the passage of time. The Landlord expressly reserves all rights and remedies at law or in equity against the Debtors and nothing contained herein is intended to or should be construed to limit the Landlord's rights, remedies, or interests with respect to the Lease.

WHEREFORE, Village Marketplace, LLC respectfully requests that the Court grant this Motion and enter the attached Order and grant such other and further relief that the Court deems just and proper.

Date: November 7, 2025                             VILLAGE MARKETPLACE, LLC

                                                   By: /s/ Neil E. McCullagh
                                                                Counsel

Neil E. McCullagh, Esquire (VSB #39027)
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone: (804) 697-2000
Facsimile: (804) 697-2100
*Counsel for Village Marketplace, LLC*

# CERTIFICATE OF SERVICE

      I hereby certify that the foregoing was served by first class mail, postage prepaid, and/or electronic means, this 7th day of November 2025, to the following, constituting all necessary parties:

Banners of Abingdon LLC
1801 16th Street NorthwestUnit 606
Washington, DC 20009
*Debtor*

Maurice Belmont VerStandig
The VerStandig Law Firm, LLC
9812 Falls Road #114-160
Potomac, MD 20854
*Debtor's Counsel*

Christianna Annette Cathcart
The Dakota Bankruptcy Firm
1630 First Ave N, Ste. B PMB 24
Fargo, ND 58102-4246
*Debtor's Counsel*

Kenneth N. Whitehurst, III
Norfolk Federal Building
200 Granby Street, Room 625
Norfolk, VA 23451
*U.S. Trustee*

American Paper Plastic Company
19 Kiesland CT
Hamilton, OH 45015

Backd Finwise
1945 S IH 35
Frontage Road
Austin, TX 78760

Caspari Inc.
99 Cogwheel Lane
Seymour, CT 06483

Commercial Express HVAC
44931 Falcon Pl
Sterling, VA 20166

Crown MAC
7619 Sheridan Rd
Kenosha, WI 53143

Demdaco
P.O. Box 803314
Kansas City, MO 64180-3314

Enesco LLC
500 Park Boulevard, Ste 1300
Itasca, IL 60143

Ganz USA LLC
P.O. Box 530
Buffalo, NY 14240-0530

Godiva Chocolatier Inc.
P.O. Box 74008044
Chicago, IL 60674-8044

Hallmark Marketing Company LLC
Gold Crown Administration
2501 McGee
Kansas City, MO 64141

Itria Ventures LLC
c/o Corporation Service Company
251 Little Falls Grove
Wilmington, DE 19808

Kellytoy USA Inc.
P.O. Box 738667
Dallas, TX 75373-8667

PNC Bank NA
130 South Bond Street
Bel Air, MD 21014

Pomeroy Technologies LLC
P.O. Box 7410512
Chicago, IL 60674

Silver Forest Inc.
490 Industrial Drive
Bellows Falls, VT 05101

Stonewall Kitchen
2 Stonewall Lane
York, ME 03909

Touchland LLC
Capacity
100 SE 2nd Street, Suite 2000
Miami, FL 33131

Vera Bradley Sales LLC
Attn: Accounts Receivable
12420 Stonebridge Rd
Roanoke, IN 46783

White House Historical Association
P.O. Box 27624
Washington, DC 20038-7624

Youngs Inc
735 Thimble Shoals Blvd 100
Newport News, VA 23606

Darrell W. Clark
Bradley D. Jones
STINSON LLP
1775 Pennsylvania Ave., NW, Suite 800
Washington, DC 20006

Michael D. Nord
Gebhardt & Smith LLP
One South Street, Suite 2200
Baltimore, MD 21202

John D. Sadler
BALLARD SPAHR LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006

Leslie C. Heilman
Erin L. Williamson
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801

Stephen A. Metz
Offit Kurman, P.A.
7501 Wisconsin Ave, Suite 1000W
Bethesda, MD 20814

Leon Koutsouftikis
Magruder Cook Koutsouftikis & Palanzi
1889 Preston White Drive, Suite 200
Reston, VA 20191

C. Kevin Kobbe
DLA Piper LLP (US)
650 South Exeter Street, Suite 1100
Baltimore, MD 2120

E. Andrew Burcher
Walsh, Colucci, Lubeley & Walsh, P.C.
3410 Prince William Parkway, Suite 300
Prince William, VA 22192

Addison J. Chappell
Miles & Stockbridge P.C.
100 Light Street, 7th Floor
Baltimore, MD 21202

Catherine B. Harrington
Miles & Stockbridge P.C.
11 N. Washington Street, Suite 700
Rockville, MD 20850

| | |
|---|---|
| Christopher A. Glaser<br>Jackson & Campbell, P.C.<br>2300 N Street, N.W., Suite 300<br>Washington, DC 20037 | Adrien C. Pickard<br>Barclay Damon LLP<br>1742 N Street, N.W.<br>Washington, DC 20036 |
| Kevin M. Newman<br>Barclay Damon LLP<br>Barclay Damon Tower<br>125 East Jefferson Street<br>Syracuse, NY 13202 | Scott L. Fleischer<br>Barclay Damon LLP<br>1270 Avenue of the Americas, Suite 2310<br>New York, NY 10020 |
| Christianna A. Cathcart<br>The Belmont Firm<br>1050 Connecticut Avenue, NW, Suite 500<br>Washington, DC 20036 | Tracy Peters, Credit Manager<br>Caspari, Inc.<br>99 Cogwheel Lane<br>Seymour, CT 06483 |
| David A. Greer<br>The Law Offices of David A. Greer, PLC<br>500 East Main Street, Suite 1225<br>Norfolk, VA 23510 | Adam Nathe<br>STINSON LLP<br>50 South Sixth Street, Suite 2600<br>Minneapolis, MN 55402 |
| Steven M. Wallace<br>Goldenberg Heller & Antognoli, P.C.<br>2227 South State Route 157<br>Edwardsville, IL 62025 | Karen C. Bifferato<br>CONNOLLY GALLAGHER LLP<br>1201 North Market Street, 20th Floor<br>Wilmington, DE 19801 |

/s/ Neil E. McCullagh