Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Substantively Consolidated Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-378-ELG |
| | ) | (Chapter 11) |
| Banners of Abingdon, LLC, *et al.*[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**MOTION TO SHORTEN TIME AND ESTABLISH PROCEDURES
FOR APPROVAL OF DISCLOSURE STATEMENT, SOLICITATION
OF PLAN VOTES, AND HEARING ON CONFIRMATION OF PLAN**

Comes now Banners of Abingdon, LLC ("Banners" or the "Debtor"), the substantively consolidated debtor herein, by and through undersigned counsel, pursuant Federal Rule of Bankruptcy Procedure 9006, and moves this Honorable Court to (i) shorten certain deadlines; (ii)

---

[1] The Debtors in these cases are Banners of Abingdon, LLC; Banners of Reston, Inc.; Banner's of Dulles Town, Inc.; Banner's of Fair Oaks, LLC; Banner's Of Ashburn, LLC; Banner's of Gainesville, LLC; Banner's of Warrenton, LLC; Banner's of South Riding, LLC; Banner's of Stafford, LLC; Banner's of Oakton, LLC; Banner's of Bradlee Center, LLC; Banners of Fair Lakes, LLC; Banners of Woodbridge LLC; Banners of Williamsburg LLC; Banners of Newport News LLC; Banners of Commonwealth Midlothian LLC; Banners of Village Market Place Midlothian LLC; Banners of Fairfield Virginia Beach LLC; Banners of Hilltop Virginia Beach LLC; Banners of Central Park Fredericksburg LLC; Banners of Cosner's Corner Fredericksburg LLC; Banners of York River LLC; Banners of Lynchburg, LLC; Banners of Harrisonburg VA LLC; Banners of Winchester LLC; Banners of Christiansburg VA LLC; Banners of Chesapeake VA LLC; Banners of Columbus Village VA Beach LLC; Banner's of Burke, LLC; Banner's of Kamp Washington, LLC; Banners of Suffolk II LLC; Banners of Suffolk LLC; Banners of Henrico LLC; Banners Of Waynesboro LLC; Banners of Roanoke LLC; Banners of Rocky Mount VA, LLC; Banners of Manassas II LLC; Banners of Charlottesville LLC; Banners of Kingstowne LLC; Banners of Leesburg, LLC; and LBPO Management, LLC.

1

establish procedures for a hearing on approval of the Debtor's disclosure statement, DE #157 (the "Disclosure Statement"); and (iii) establish procedures for the solicitation of votes—and filing of objections—on the Debtor's proposed plan of reorganization, DE #158 (the "Plan"), and in support thereof states as follows:

I.      **Introduction**

On January 23, 2026, Banners docketed the Plan and Disclosure Statement, following lengthy negotiations and discussions with major stakeholders and after securing the approval (but not the premature confirmation vote) of Hallmark Marketing Company, LLC ("Hallmark"). As previously relayed at a status conference, the Debtor has done so with the transparent ambitions of holding a confirmation hearing on March 3, 2026—a date necessitated by the extant maturity date (March 2, 2026) on the Debtor's post-petition debtor-in-possession financing, DE #145 at p. 55, § 2.07—and endeavoring to emerge from chapter 11 in a prudent and meditated, but reasonably expedient, manner.

To make a March 2, 2026 confirmation date sensible, whilst allowing all parties in interest an appropriate quotient of time to review the Disclosure Statement before approval, and to then review the Plan before casting votes or lodging objections, certain deadlines will need to be shortened. The Debtor proposes to achieve these ends through (i) shortening time such that a hearing on approval of the Disclosure Statement is held on February 18, 2026, with any objections thereto coming due on February 16, 2026; (ii) shortening time such that a hearing on confirmation of the Plan is held on March 3, 2026, with the Debtor bound to serve notice thereof on or before February 18, 2026, and with (a) ballots and (b) objections to confirmation being due on March 1, 2026.

In light of the large matrix in this case, the Debtor also proposes to serve notices and relevant documents via an abbreviated notice form, containing links to relevant documents (including the Plan, the Disclosure Statement, and ballots).

**II.     Argument: Time Should be Shortened**

While it is sensible and necessary to permit parties in interest an adequate period of time to review the Disclosure Statement and Plan, it is also appropriate—in the prism of a larger case where major stakeholders have been kept apprised of significant movements throughout—to sensibly expedite these periods.

Governing law permits the time for consideration of a disclosure statement to be shortened, even outside of a small business context. *See, e.g., In re Franklin*, 459 B.R. 463, 468 (Bankr. D. Nev. 2011) (noting Rule 9006 may be used to abbreviate the relevant time period); *In re Ament*, 2020 Bankr. LEXIS 162, at *18 (Bankr. D.N.M. Jan. 21, 2020) ("The time to object to the Second Amended Disclosure Statement is shortened pursuant to Fed. R. Bankr. P. 9006(c)(1)."). Similarly, governing law permits the shortening of the time period for review of—and voting upon—a chapter 11 plan of reorganization. *See In re Crown Vill. Farm, LLC*, 2009 Bankr. LEXIS 4804 (Bankr. D. Del. Nov. 16, 2009).

Here, the Debtor proposes the following timelines and procedures be utilized to facilitate review of the Disclosure Statement and assessment of the Plan:

1.     Banners serve notice of the disclosure statement on *all* parties on the mailing matrix in this case, in the form attached hereto as Exhibit A (using live links in the actual notice), on or before January 30, 2026;

2.     Any objections to approval of the Disclosure Statement be filed on or before February 16, 2026;

3

3. A hearing on approval of the Disclosure Statement be held on February 18, 2026 if any party objects to the same (with the hearing subject to being cancelled, through entry of a written order approving the Disclosure Statement, should no party in interest timely object);

4. The Debtor serve notice of the approved Disclosure Statement, the Plan, and ballots—in the form attached hereto as Exhibit B (using live links in the actual notice)—on all parties on the matrix in this case, on or before February 20, 2026;

5. Any objections to confirmation of the Plan be filed on or before March 1, 2026;

6. Any ballots cast be returned to counsel for the Debtor on or before March 1, 2026;

7. The Debtor docket a tally of ballots on or before March 2, 2026; and

8. A hearing on confirmation of the Plan be held on March 3, 2026 at 11:00 am prevailing eastern time, via hybrid means.

As noted *supra*, the shortening of time is necessary to ensure the Plan come on for confirmation before a default may be declared under the DIP credit agreement previously approved by this Honorable Court. While Hallmark has informally agreed to extend the March 2, 2026 maturity date thereunder by one day, to accommodate the scheduled confirmation hearing, the Debtor is loath to seek a lengthier extension and, equally—if not more importantly—is eager to get about the post-confirmation work of starting to make payments pursuant to the Plan (including payments scheduled to be made on April 1, 2026, and for which the order confirming the Plan must first become a final order).

### III. Conclusion

WHEREFORE, Banners respectfully prays this Honorable Court shorten time, and establish procedures, as suggested herein, and for such other and further relief as may be just and proper.

                          Respectfully submitted,

Dated: January 28, 2026      By:    /s/ Maurice B. VerStandig
                                            Maurice B. VerStandig, Esq.
                                            Bar No. MD18071
                                            The Belmont Firm
                                            1050 Connecticut Avenue, NW
                                            Suite 500
                                            Washington, DC 20036
                                            Phone: (202) 991-1101
                                            mac@dcbankruptcy.com
                                            *Counsel for the Substantively Consolidated Debtor*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 28th day of January, 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

                                            /s/ Maurice B. VerStandig
                                            Maurice B. VerStandig