Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Substantively Consolidated Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-378-ELG |
| | ) | (Chapter 11) |
| Banners of Abingdon, LLC, *et al.*[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**FIRST INTERIM APPLICATION OF THE VERSTANDIG LAW FIRM, LLC
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Come now Maurice B. VerStandig and The VerStandig Law Firm, LLC d/b/a The Belmont Firm (collectively, "VLF"), counsel the substantively consolidated debtor herein (the "Debtor"), pursuant to Sections 327, 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 2016, and Local Rule 2016-1, and apply to this

---

[1] The Debtors in these cases are Banners of Abingdon, LLC; Banners of Reston, Inc.; Banner's of Dulles Town, Inc.; Banner's of Fair Oaks, LLC; Banner's Of Ashburn, LLC; Banner's of Gainesville, LLC; Banner's of Warrenton, LLC; Banner's of South Riding, LLC; Banner's of Stafford, LLC; Banner's of Oakton, LLC; Banner's of Bradlee Center, LLC; Banners of Fair Lakes, LLC; Banners of Woodbridge LLC; Banners of Williamsburg LLC; Banners of Newport News LLC; Banners of Commonwealth Midlothian LLC; Banners of Village Market Place Midlothian LLC; Banners of Fairfield Virginia Beach LLC; Banners of Hilltop Virginia Beach LLC; Banners of Central Park Fredericksburg LLC; Banners of Cosner's Corner Fredericksburg LLC; Banners of York River LLC; Banners of Lynchburg, LLC; Banners of Harrisonburg VA LLC; Banners of Winchester LLC; Banners of Christiansburg VA LLC; Banners of Chesapeake VA LLC; Banners of Columbus Village VA Beach LLC; Banner's of Burke, LLC; Banner's of Kamp Washington, LLC; Banners of Suffolk II LLC; Banners of Suffolk LLC; Banners of Henrico LLC; Banners Of Waynesboro LLC; Banners of Roanoke LLC; Banners of Rocky Mount VA, LLC; Banners of Manassas II LLC; Banners of Charlottesville LLC; Banners of Kingstowne LLC; Banners of Leesburg, LLC; and LBPO Management, LLC.

1

Honorable Court for allowance of interim compensation of $74,730.00 in attorneys' fees and $1,446.94 in expenses, for a total of $76,176.94 in interim allowed compensation and reimbursements, to be paid—*en toto*—from funds VLF is holding in trust for the Debtor, and in support thereof state as follows:

**I.    Introduction**

Since mid-September 2025, the Debtor—which operates nearly every Hallmark-branded store in the Commonwealth of Virginia—has been working to reorganize under chapter 11 in this Honorable Court. VLF has been—and is—honored to represent the Debtor in these efforts, working closely with the company and its corporate designee to navigate early financing issues, to abide by the various rigors of Title 11 of the United States Code (the "Bankruptcy Code"), to negotiate with landlords, to triage debt obligations, to form a sensible plan of reorganization, and to draft a disclosure statement for judicial approval. This is believed to be the largest retail bankruptcy proceeding to visit this court in several decades and, as evidenced by a litany of hearings and myriad docket entries, the case has commanded a proportionate quotient of work. For these efforts, VLF now seeks an allowance of interim compensation.

**II.    Local Rule 2016-1 Recitations**

1.    The work performed for which compensation is sought was carried out by Maurice VerStandig and Christianna Cathcart.

2.    Billing records for the time worked, containing descriptions of each task and the correlative time expended, are appended hereto as Exhibit A.

3.    Payment is requested at the rate of $600 per hour for Maurice VerStandig and $300 per hour for Christianna Cathcart.

4. The order authorizing VLF's employment was docketed on October 28, 2025. DE #115. The underlying application was filed between the date when the first petition for relief was filed and the date on which the last petition for relief was filed. DE #9. VLF does *not* seek compensation for any efforts prior to the docketing of the final petition for relief. The last date of work for which compensation is sought herein is February 3, 2026; efforts expended thereafter will be subject to one or more future applications for compensation.

5. A discussion of criteria relevant to determining the compensation to be awarded is set forth *infra*.

6. Reimbursement is sought for three expenses, all in the nature of mailing expenses. Invoices for each such expense are attached hereto as Exhibits B, C and D. One of the expenses is also reflected on Exhibit A; VLF does *not* seek to be twice compensated for that expense and has appropriately accounted to ensure the expense is only counted once in this application.

7. By signing this application, undersigned counsel certifies that (i) he believes the fees and costs for which reimbursement is sought are reasonable for the work performed; and (ii) this application is true and accurate.

**III.  Rule 2016 Recitations**

a. This is VLF's first interim application for fees and expenses in this case, with no prior post-petition compensation having been received. As noted in a previous filed disclosure of compensation, DE #52, VLF received a pre-petition retainer of $138,236.00, of which $61,214.00 was expended pre-petition (with said expenditure including payment of some—but not all—of the $71,258.00 of filing fees generated by this case). From the pre-petition retainer, $77,022.00 remains as of the filing of this application.

b. None of the pre-petition compensation has been shared with any other firm or attorney (aside from VLF using funds to pay its ordinary operating expenses—including payroll obligations—as they come due), and there does not exist any agreement or understanding through which any compensation received will be shared with any other entity or person except for "a member or regular associate" of VLF. Fed. R. Bankr. P. 2016(a)(1)(F).

## IV. Categorization of Time Entries

In accord with guidelines promulgated by the United States Trustee,[2] VLF recorded all time in this matter in project categories. The time recorded—and compensation requested—for each such project category is as follows:

a. Case Administration – 54.10 Hours – $29,190.00

b. Claims Administration – 1.1 Hours – $660.00

c. Plan and Disclosure Statement – 43.2 Hours – $25,920.00

d. Financing – 31.2 Hours – $18,780.00

e. Business Operations – 0.2 Hours – $120.00

f. Employment and Fee Applications – 0.1 Hours – $60.00

## V. Discussion of Criteria (Local Rule 2016-1(b)(5))

The prevailing standard for analysis of a fee application is the "lodestar" method by which the hourly rates of counsel, the hours expended by counsel, and adjustments dictated by equitable

---

[2] VLF does not believe the US Trustee's guidelines to be binding especially where, as here, the guidelines are unmoored to any provision of the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure. *See Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024). Additionally, the categorization of time in more intricate cases, such as this, often invites arbitrary and capricious decisions, as anecdotally punctuated by the fact that certain efforts surrounding "first day" hearings were contemporaneously denoted as being correlative to "financing," while others were denoted as being correlative to "case administration." The same is true of the palpable overlap between efforts correlative to claims administration, case administration, and plan drafting. These categorizations are accordingly shared in the interests of approximating a breakdown of efforts, for ease of reference, and not in furtherance of any cognizable legal mandate.

considerations, are considered in turn. Application of this standard well supports granting the instant application.

As this Honorable Court has previously observed in connection with this circuit's "lodestar" standard:

> In this Circuit, to determine the reasonableness of fees, applications for compensation are analyzed under a three-part process that determines a "lodestar"—consisting of (1) the reasonable hourly rate for each person for whom compensation is requested, and (2) the number of hours reasonably expended by each such person—and then determines (3) any adjustments warranted to the lodestar. Factors relevant to each person's reasonable hourly rate include, at minimum (1) the person's "billing practices," i.e., the actual non-reduced rate they have charged or could have realistically charged clients; (2) their skill, experience, and reputation in bankruptcy; and (3) prevailing market rates in the community.

*In re Taiwo*, 2021 WL 850533, at *4 (Bankr. D.D.C. 2021) (citing *Makray v. Perez*, 159 F. Supp. 3d 25, 30 (D.D.C. 2016) (citing *Eley v. District of Columbia*, 793 F.3d 97, 100 (D.C. Cir. 2015); *Salazar ex rel. Salazar v. District of Columbia*, 809 F.3d 58, 61 (D.C. Cir. 2015)); 11 U.S.C. § 330(a)(3); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010); *Covington v. District of Columbia*, 57 F.3d 1101, 1107-08 (D.C. Cir. 1995)).

Compensation for efforts expended by Maurice VerStandig ("Mr. VerStandig") is sought at the rate of $600 per hour. Mr. VerStandig is a *cum laude* graduate of the University of Miami School of Law, has more than fifteen years of insolvency-related legal experience, and charges a standard hourly rate of $600 per hour in other debtor-side cases in this Honorable Court and neighboring courts. He charges a slightly lower hourly rate for his work in the District of North Dakota, where geographic economic considerations inform the differentiated rate.

Mr. VerStandig is a coordinating editor of the *ABI Journal*, has represented debtors ranging from law firms to real estate investment entities in chapter 11 proceedings, serves as outside bankruptcy counsel to some of the largest private lenders in the Washington, DC area, and oversees a consumer bankruptcy practice representing individuals in the District of Columbia, Maryland,

5

Virginia, and North Dakota. He is presently counsel of record in numerous cases pending in this Honorable Court, was a 2024 member of the American Bankruptcy Institute "40 Under 40" class, has an AV rating from Martindale-Hubbell, and submits $600 per hour is a reasonable rate to be charged for his services in this case.

Compensation for efforts expended by Christianna Cathcart ("Ms. Cathcart") is sought at the rate of $300 per hour. Ms. Cathcart is a graduate of the University of North Dakota School of Law, has focused her career in private practice almost exclusively on bankruptcy representations, and charges a standard hourly rate of $300 per hour in other debtor-side cases in this Honorable Court, while charging a slightly lower hourly rate for her work in the District of North Dakota.

Ms. Cathcart is presently acting as lead reorganization counsel in multiple chapter 11 cases, including ones involving (i) an interstate trucking company; (ii) the oldest hotel in the United States; (iii) a real estate investment entity; and (iv) a natural person. She has elicited evidence at contested hearings—and made oral argument—before multiple bankruptcy courts. Ms. Cathcart also has extensive "second chair" experience conducting multiday merits trials in at least four different courts. She is a member of the American Bankruptcy Institute and is active in the International Women's Insolvency & Restructuring Confederation.

Concerning the reasonable hours expended, the records attached hereto as Exhibit A show each time entry incurred in connection with this matter during the relevant billing period. This is a large case and one that has occasioned myriad eccentricities throughout its duration, with appropriate care and attention being necessitated at each turn. The Debtor did not enter chapter 11 with post-petition financing in place, which invited extensive efforts—in the earliest days of this case—to secure such financing and negotiate the terms thereof. Significant time has also been focused on working with counsel for various landlords to assess extant and forward-looking

leasehold issues, advising the Debtor in connection with debt restructuring options tailored to the seasonal economic flows of the subject business, crafting a plan of reorganization, negotiating the terms of the subject plan with secured creditors and other major stakeholders, being mindful of reporting requirements, preparing a disclosure statement, and tending to periodic motions practice (including the defense of a motion to dismiss or transfer venue, brought by the United States Trustee, which invited a contested evidentiary hearing). Respectfully, the firm does believe all efforts undertaken in connection with this case to have been necessary and reasonable in nature.

Finally, it is urged no adjustments are warranted in the prism of this case. The rates charged by VLF are notably lower than those charged by other firms undertaking large chapter 11 debtor-side work in this market. The fees instantly sought are relatively modest when juxtaposed to the macroscopic financial considerations of this case. Moreover, while the hourly rates of counsel for the various creditors herein are necessarily not disclosed absent unusual circumstances, it bears notation that most such attorneys are affiliated with large firms and very likely charge rates well in excess of those maintained by Mr. VerStandig and Ms. Cathcart. This case has commanded legal work, on the part of myriad parties, at a high level, and VLF respectfully submits the fees sought instantly are more than reasonable in light of that level of work.

VI.    **Conclusion**

WHEREFORE, Maurice Belmont VerStandig and The VerStandig Law Firm, LLC d/b/a The Belmont Firm respectfully pray this Honorable Court (i) approve and ratify the fees and expenses sought herein in the gross sum of $76,176.94, being comprised of $74,730.00 in legal fees and $1,446.94 in out-of-pocket expenses; (ii) permit The VerStandig Law Firm, LLC to deduct the same from monies being held in the firm's IOLTA account for the benefit of the Debtor; and (iii) afford such other and further relief as may be just and proper.

                Respectfully submitted,

Dated: February 8, 2026    By:  <u>/s/ Maurice B. VerStandig</u>
                Maurice B. VerStandig, Esq.
                Bar No. MD18071
                The Belmont Firm
                1050 Connecticut Avenue, NW
                Suite 500
                Washington, DC 20036
                Phone: (202) 991-1101
                mac@dcbankruptcy.com
                *Counsel for the Substantively Consolidated Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of February, 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

                <u>/s/ Maurice B. VerStandig</u>
                Maurice B. VerStandig