| | |
|---|---|
| **KELLEY DRYE & WARREN LLP** | **KELLEY DRYE & WARREN LLP** |
| Melissa Byroade | Robert L. LeHane (admitted *pro hac vice*) |
| 670 Maine Avenue SW, Suite 600 | Jennifer D. Raviele (admitted *pro hac vice*) |
| Washington, DC 20024 | 3 World Trade Center |
| Tel: (202) 342-8400 | 175 Greenwich Street |
| Email: mbyroade@kelleydrye.com | New York, New York 10007 |
| | Tel: (212) 808-7800 |
| | Email: rlehane@kelleydrye.com |
| | jraviele@kelleydrye.com |

*Counsel to Brixmor Holdings 1 SPE, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Banners of Abingdon, LLC, *et al.*,[1] | ) ) | 25-00378 (ELG) |
| Debtors. | ) ) ) | (Jointly Administered) |

**OBJECTION OF BRIXMOR HOLDINGS 1 SPE, LLC TO DEBTOR'S PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

Brixmor Holdings 1 SPE, LLC (the "Landlord"), by and through its undersigned counsel, Kelley Drye & Warren LLP, objects (the "Objection") to the *Debtor's Plan of*

---

[1] The Debtors in these cases are Banners of Abingdon, LLC; Banners of Reston, Inc.; Banner's of Dulles Town, Inc.; Banner's of Fair Oaks, LLC; Banner's Of Ashburn, LLC; Banner's of Gainesville, LLC; Banner's of Warrenton, LLC; Banner's of South Riding, LLC; Banner's of Stafford, LLC; Banner's of Oakton, LLC; Banner's of Bradlee Center, LLC; Banners of Fair Lakes, LLC; Banners of Woodbridge LLC; Banners of Williamsburg LLC; Banners of Newport News LLC; Banners of Commonwealth Midlothian LLC; Banners of Village Market Place Midlothian LLC; Banners of Fairfield Virginia Beach LLC; Banners of Hilltop Virginia Beach LLC; Banners of Central Park Fredericksburg LLC; Banners of Cosner's Corner Fredericksburg LLC; Banners of York River LLC; Banners of Lynchburg, LLC; Banners of Harrisonburg VA LLC; Banners of Winchester LLC; Banners of Christiansburg VA LLC; Banners of Chesapeake VA LLC; Banners of Columbus Village VA Beach LLC; Banner's of Burke, LLC; Banner's of Kamp Washington, LLC; Banners of Suffolk II LLC; Banners of Suffolk LLC; Banners of Henrico LLC; Banners Of Waynesboro LLC; Banners of Roanoke LLC; Banners of Rocky Mount VA, LLC; Banners of Manassas II LLC; Banners of Charlottesville LLC; Banners of Kingstowne LLC; Banners of Leesburg, LLC; and LBPO Management, LLC.

1

*Reorganization Under Chapter 11 of the Bankruptcy Code* (the "Plan").[2]  In support of this Objection, the Landlord respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Landlord is generally supportive of the potential assumption of its Lease by the Debtors; however, the Debtors must first provide adequate assurance of future performance under the Lease and cure all defaults. Accordingly, the Landlord objects to the potential assumption of the Lease unless and until: (a) the Debtors agree to pay the Landlord's Cure Amount both in full and contemporaneously upon the occurrence of the assumption effective date; (b) the Debtors meet their burden of providing adequate assurance of future performance; and (c) the Debtors agree to satisfy all of their obligations under the Lease, including, but not limited to, accrued-but-unbilled amounts, year-end reconciliations and adjustments, and indemnification obligations.

2. First, in connection with the potential assumption of the Lease, the Debtors must be required to pay the cure amount set forth in the column "Landlord Cure Amount" on **Exhibit A**, attached hereto, plus any additional pecuniary losses suffered by each Landlord, including reasonable attorneys' fees. The Debtors must also cure or provide adequate assurance that they will cure all non-monetary defaults under the Lease. The Landlord's Cure Amount must be paid to the Landlord contemporaneously upon the effective date of the lease assumption.

3. Second, to satisfy the Debtors' burden under section 365 of the Bankruptcy Code, the Debtors must furnish the Landlord with sufficient adequate assurance information to determine that the assumption will meet the heightened requirements afforded to counterparties to shopping center leases under section 365(b)(3) of the Bankruptcy Code.

---

[2] Docket No. 158.

2

4. Third, as part of adequate assurance of future performance, the Debtors must commit to satisfy any Adjustment Amounts which have not yet been billed or have not yet become due under the terms of the Lease, regardless of when such amounts accrued. The Debtors must also (i) be required to comply with all contractual obligations to indemnify and hold the Landlord harmless with regard to events which occurred before assumption, and (ii) continue to timely pay all rent, additional rent, and percentage rent due under the Lease until the Lease is assumed pursuant to section 365(d)(3) of the Bankruptcy Code.

5. While the Landlord hopes to resolve some, if not all, of the issues raised herein consensually with the Debtors, all such discussions are expressly subject to the Landlord's review of any proposed order without waiver of any rights. The Landlord, therefore, reserves all rights with respect to any proposed assumption of the Lease, including the right to raise any objections, arguments, or defenses in response to the Plan at any related hearing.

## BACKGROUND

6. The Landlord is the owner of or affiliate or managing agent for the owner of the property located in Roanoke, Virginia. The Debtors lease the retail space from the Landlord pursuant to a written lease (the "Lease") for the store listed on **Exhibit A**, attached hereto (the "Leased Premises"). The Leased Premises are located in a shopping center as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d. 1081 (3d Cir. 1990).

7. On September 14, 2025, (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") with this Court. The Debtors remain in possession of their properties and continue to manage their businesses as debtors-in-possession pursuant to sections

3

1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

8. On January 23, 2026, the Debtors filed the Plan. Exhibit A to the Plan includes schedules of creditors and classes which asserted the Debtors' proposed cure amount ("**Debtors' Proposed Cure Amount**") for the Lease, which is included on **Exhibit A**, attached hereto, in the column "Debtor Proposed Cure Amount."

## ARGUMENT

### I. THE PROPOSED CURE AMOUNT IS INCORRECT

9. The Landlord disputes the Debtors' Proposed Cure Amount. The correct cure amount for the Lease is set forth on **Exhibit A**, attached hereto, in the column "Landlord Cure Amount," which includes an estimate of attorneys' fees incurred to date. The Landlord reserves the right to amend the cure amount to include additional fees and expenses which continue to accrue and any other obligations that arise and/or become known to the Landlord prior to assumption of the Lease, or to account for any agreement reached between the parties with respect to the cure amount.

10. Pursuant to the Lease, the Debtors are obligated to pay regular installments of fixed monthly rent, percentage rent, and/or gross rent, as well as a share of common area maintenance costs, real estate taxes, and insurance. In addition, prior to assumption of the Lease, the Debtors are required by section 365(b)(1) of the Bankruptcy Code to cure all outstanding defaults under the Lease and compensate the Landlord for any actual pecuniary loss, including the payment of related attorneys' fees. *See* 11 U.S.C. § 365(b)(1)(B).

11. Attorneys' fees due under the Lease are compensable. *See LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Bullock*, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re Crown Books Corp.*, 269 B.R. 12, 14-15 (Bankr. D. Del. 2001); *In re BAB Enterprises,*

4

*Inc.*, 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989); *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.*, 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986). Accordingly, as part of its pecuniary loss, the Landlord is entitled to attorneys' fees in connection with the Debtors' obligation to cure all monetary defaults under the Lease.

**II.   THE DEBTORS MUST PROVIDE EVIDENCE OF ADEQUATE ASSURANCE OF FUTURE PERFORMANCE UNDER THE LEASE**

12.   In connection with the proposed assumption of the Lease, the Debtors must provide the Landlord with adequate assurance of future performance under the Lease.

13.   Section 365(b)(1) of the Bankruptcy Code provides:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee−
>
>   (A)  cures, or provides adequate assurance that the trustee will promptly cure, such default…;
>
>   (B)  compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
>   (C)  provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

14.   Shopping center landlords receive heightened statutory protections under the Bankruptcy Code in connection with the assumption of leases in the form of adequate assurance of future performance. *In re Joshua Slocum*, 922 F.2d at 1086; *In re Trak Auto Corp.*, 277 B.R. 655 (Bankr. E.D. Va. 2002). In connection with a lease, adequate assurance of future performance includes adequate assurance

>   (A)   of the source of rent and other consideration due under such lease…;

5

>> (B) that any percentage rent due under such lease will not decline substantially;
>
> (C) that assumption… of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and
>
> (D) that assumption… of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3).

15. The Debtors bear the burden of proving adequate assurance of future performance in connection with the potential assumption and assignment of the Lease. *In re F.W. Restaurant Assoc., Inc.*, 190 B.R. 143 (Bankr. D. Conn. 1995); *In re Rachels Indus. Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990); *In re Lafayette Radio Electronics Corp.*, 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1981).

16. Furthermore, section 365(b)(3)(C) of the Bankruptcy Code provides that the assumption of a shopping center lease "is subject to all the provisions thereof…." 11 U.S.C. § 365(b)(3)(C). Bankruptcy courts have described the assumption of an unexpired lease as "an all-or-nothing proposition — either the whole contract [or lease] is assumed or the entire contract [or lease] is rejected." *See, e.g.*, *In re CellNet Data Sys., Inc.*, 327 F.3d 242, 249 (3d Cir. 2003).

17. To the extent that rent, attorneys' fees, interest, and/or other charges continue to accrue, and/or the Landlord suffers other pecuniary losses with respect to the Lease, the Landlord hereby reserves the right to amend the Landlord's Cure Amount to reflect such additional amounts or to account for year-end adjustments, including, without limitation, adjustments for 2025 and 2026, which have not yet been billed or have not yet become due under the terms of the Lease (the "Adjustment Amounts"). The Debtors must be responsible to satisfy

all accrued but unbilled obligations under the Lease, including the Adjustment Amounts, if any, when due in accordance with the terms of the Lease, regardless of when such Adjustment Amounts accrued.

18. Furthermore, the Debtors must be required to comply with all contractual obligations to indemnify and hold the Landlord harmless for events which occurred before assumption, but which were not known to the Landlord as of the date of the assumption. This includes, but is not limited to: (i) claims for personal injury that occurred at the Leased Premises; (ii) damage and destruction to the Leased Premises or property by the Debtors or its agents; and (iii) environmental damage or clean-up.

19. To cure possible pre-assumption, non-monetary defaults and provide adequate assurance of future performance with respect to the indemnification obligations under the Lease, the Debtors must be required to satisfy any and all such claims, notwithstanding anything to the contrary contained in the Plan or any order of the Court.

### III. THE DEBTORS MUST TIMELY PAY ALL POST-PETITION RENT AND ADDITIONAL RENT DUE UNDER THE LEASE UNTIL IT IS ASSUMED, ASSUMED AND ASSIGNED, OR REJECTED

20. Section 365(d)(3) of the Bankruptcy Code provides, in pertinent part:

> The [debtor] shall timely perform all the obligations of the debtor… arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of [the Bankruptcy Code].

11 U.S.C. § 365(d)(3).

21. The Landlord requests that any assumption of the Lease be conditioned upon the Debtors' timely performance of all obligations arising under the Lease before the Lease is assumed, assumed and assigned, or rejected pursuant to section 365(d)(3) of the Bankruptcy

Code, including, without limitation, the payment in full of rent and additional rent on the first day of each month.

## JOINDER IN OBJECTIONS OF OTHER LANDLORDS

22. To the extent not inconsistent with this Objection, the Landlord joins in any objections to the Plan asserted by other landlords and contract counterparties.

## RESERVATION OF RIGHTS

23. The Landlord reserves the right to amend and/or supplement this Objection on any basis, including, without limitation, by revising, adding, or supplementing objections to the Debtors' proposed cure amount and by adding or supplementing objections to the adequate assurance of future performance provided by the Debtors.

## **CONCLUSION**

**WHEREFORE**, the Landlord requests that the Court enter an order: (i) conditioning the assumption of the Lease on (a) the Debtors promptly paying the cure amount set forth in the column titled "Landlord Cure Amount" on **Exhibit A**, attached hereto, plus any additional pecuniary losses suffered by the Landlord, including reasonable attorneys' fees, and (b) the Debtors providing adequate assurance of future performance in accordance with section 365(b) of the Bankruptcy Code; (ii) requiring the Debtors to continue to comply with all obligations under the Lease, including payment of the Adjustment Amounts and satisfaction of any indemnification obligations in the regular course of business; and (iv) granting such other and further relief as the Court deems just and proper.

Dated:  February 25, 2026

        **KELLEY DRYE & WARREN LLP**

        */s/ Melissa Byroade*
        Melissa Byroade
        670 Maine Avenue SW, Suite 600
        Washington, DC 20024
        Tel:  (202) 342-8400
        Email: mbyroade@kelleydrye.com

        and

        Robert L. LeHane (admitted *pro hac vice*)
        Jennifer D. Raviele (admitted *pro hac vice*)
        3 World Trade Center
        175 Greenwich Street
        New York, New York 10007
        Tel: (212) 808-7800
        Email: rlehane@kelleydrye.com
                jraviele@kelleydrye.com

        *Counsel to Brixmor Holdings 1 SPE, LLC*

## EXHIBIT A

*Brixmor Property Group*

| Landlord | Debtor | Property Name | Location | Debtor Proposed Cure Amount | Landlord Cure Amount |
|---|---|---|---|---|---|
| Brixmor Holdings 1 SPE, LLC | Banners of Roanoke, LLC | Cave Spring Corners | 3955 Brambleton Ave SW, Roanoke, VA | $15,925.38 | $43,080.33 |

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 25, 2026, a copy of the foregoing Objection was served via CM/ECF on all parties registered to receive such notice in the above-captioned cases.

*/s/ Melissa Byroade*
Melissa Byroade