Kristen S. Eustis, Trial Attorney
Federal Bar No. MD28984
Office of the United States Trustee
1725 Duke St., Suite 650
Alexandria, VA 22314
(703) 557-7227- Direct Dial
Kristen.S.Eustis@usdoj.gov
*Counsel for Matthew W. Cheney*
*Acting United States Trustee, Region 4*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:**<br><br>**Banners of Abingdon, LLC, et al.,**[1]<br><br>**Debtor.** | Case No. 25-378-ELG<br><br>Chapter 11 (Substantively consolidated) |

### OBJECTION OF THE UNITED STATES TRUSTEE
### TO THE DEBTOR'S PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

Matthew W. Cheney, the Acting United States Trustee for Region 4 (the "U.S. Trustee"), by and through his undersigned counsel, in furtherance of the duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and (5), pursuant to the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for this District, hereby files his objection

---

[1] The Debtors in these cases are Banners of Abingdon, LLC; Banners of Reston, Inc.; Banner's of Dulles Town, Inc.; Banner's of Fair Oaks, LLC; Banner's Of Ashburn, LLC; Banner's of Gainesville, LLC; Banner's of Warrenton, LLC; Banner's of South Riding, LLC; Banner's of Stafford, LLC; Banner's of Oakton, LLC; Banner's of Bradlee Center, LLC; Banners of Fair Lakes, LLC; Banners of Woodbridge LLC; Banners of Williamsburg LLC; Banners of Newport News LLC; Banners of Commonwealth Midlothian LLC; Banners of Village Market Place Midlothian LLC; Banners of Fairfield Virginia Beach LLC; Banners of Hilltop Virginia Beach LLC; Banners of Central Park Fredericksburg LLC; Banners of Cosner's Corner Fredericksburg LLC; Banners of York River LLC; Banners of Lynchburg, LLC; Banners of Harrisonburg VA LLC; Banners of Winchester LLC; Banners of Christiansburg VA LLC; Banners of Chesapeake VA LLC; Banners of Columbus Village VA Beach LLC; Banner's of Burke, LLC; Banner's of Kamp Washington, LLC; Banners of Suffolk II LLC; Banners of Suffolk LLC; Banners of Henrico LLC; Banners Of Waynesboro LLC; Banners of Roanoke LLC; Banners of Rocky Mount VA, LLC; Banners of Manassas II LLC; Banners of Charlottesville LLC; Banners of Kingstowne LLC; Banners of Leesburg, LLC; and LBPO Management, LLC.

1

(the "Objection") to confirmation of the Debtor's Plan Of Reorganization Under Chapter 11 of the Bankruptcy Code (Doc. No. 158) (the "Plan") filed by Banners of Abingdon, LLC (the "Debtor"). In support of his Objection, the U.S. Trustee represents and alleges as follows:

## INTRODUCTION

As previewed at the hearing on the Disclosure Statement, the Plan cannot and should not be confirmed for a number of reasons. First, the Debtor has improperly classified claims in the Plan, which creates confusion and perhaps improper gerrymandering for the purpose of obtaining an impaired accepting class. Second, the Debtor is not current on its pre-petition tax return obligations, the governmental bar date to file claims has not yet passed, and the Plan seeks to impermissibly impair the rights of any priority tax claimant. Third, the Debtor seeks to merge all 41 of the Debtor entities into one entity effective as of September 14, 2025, the date the first of the 41 petitions was filed. Finally, the Plan improperly restricts the Debtor's future ability to file bankruptcy for purposes of reorganization.

Absent additional evidence or amendments sufficient to satisfy the U.S. Trustee's objections, the Court should deny confirmation.

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. § 1408.

2. Pursuant to 11 U.S.C. § 307, the U.S. Trustee for Region 4, which includes the District of Columbia, under 28 U.S.C. § 581(a)(4), has standing to appear and be heard on any issue in a case or proceeding under the Bankruptcy Code.

3.  Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

## BACKGROUND

4.  On September 14, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[2]

5.  On January 23, 2026, the Debtor filed the Plan and Disclosure Statement (Doc. No. 157).

6.  On February 11, 2026, the Court entered its Order Approving the Disclosure Statement (Doc. No. 165) and set the hearing on confirmation of the Plan for March 3, 2026.

## BASIS FOR OBJECTION

As proponent of the Plan, the Debtor must prove that it has satisfied all applicable elements of Section 1129(a) of the Code. To the extent that the Debtor is not able to meet its burden, confirmation of the Plan should be denied.

As of the date of this Objection, the Debtor is not required to file a Ballot Report. Accordingly, it is unclear whether the creditors have voted for or against the Plan.

### A.  The Plan Improperly Classifies Claims.

Section 3 of the Plan sets forth seven Classes of Claims. Three of the Classes, however, are further divided into subclasses. Class 1 consists of Class 1.1—the senior, Secured Claim of PNC Bank and Class 1.2 –the junior, Unsecured Claim of PNC Bank, N.A. Class 3 consists of Class 3.1 – the Allowed Secured Claim of Crown MAC and Class 3.2 –the Allowed Unsecured Claim of Crown MAC. Class 4 consists of Class 4.1 –Claims of Landlords whose correlative leases

---

[2] Not all of the 41 related entities filed for relief on September 14, 2025. Certain of the Debtor entities filed on September 15, 2025 and others on September 16, 2025.

are being assumed and Class 4.2 –the Claims of Landlords whose correlative leases are being rejected.  Thus, there are essentially ten classes of claims. It is unclear as to why the Debtor chose to separately classify the unsecured claims of the three classes set forth above, as all unsecured creditors are being treated equally under the Plan. It appears that the only logical reason for creating these sub-classes was in the hopes of obtaining an impaired accepting class for purposes of confirmation. Given that the tally of ballots has yet to be filed, it is unclear as to whether this will ultimately be at issue and the U.S. Trustee reserves all rights to raise this argument at the confirmation hearing to the extent necessary.  However, the use of sub-classes is not contemplated by the Code and is confusing.

      B.      **The Debtor is Not Current on its Tax Return Filings.**

The Plan provides for the payment of priority tax claims in Section 2.3. That section provides that "the Holder of an Allowed Priority Tax Claim shall not be entitled to receive any payment on account of any penalty arising with respect to or in connection with the Allowed Priority Tax Claim." The Debtor does not believe there are any Priority Tax Claims in the case. The Debtors' representative testified at the 341 meeting of creditors that the last tax return filed for or on behalf of the Debtor entities was through fiscal year ending July 31, 2022. The governmental deadline for filing proofs of claim in the instant case is not until March 13, 2026. As of the date of filing of the instant Objection, the Debtor is not current on its tax return filing obligations. Under section 1112(b) the chapter 11 debtor's failure to timely file tax returns and pay taxes owed after the date of the order for relief is cause for dismissal or conversion of the chapter 11 case. Here, given that any prior extension of the time to file the pre-petition tax returns has since expired, those returns remain outstanding and due after the order for relief. Therefore, the Plan should not be confirmed until the outstanding returns are filed.

4

Additionally, the Plan improperly impairs any Allowed Priority Tax Claim, and accordingly, the provision with respect to the inability to receive payment on account of any penalty arising with respect to or in connection with the Allowed Priority Tax Claim, should be stricken.

### C. The Plan Improperly Seeks to Merge the Debtor entities to the Petition Date.

Section 6.3 of the Plan seeks to merge the forty-one (41) entities comprising the Debtor effective as of the Petition Date and pursuant to the Court's order of substantive consolidation that was entered in the cases on November 12, 2025 (Doc. No. 126). Notably, the Substantive Consolidation Order does not state that it is effective, retroactive, to the Petition Date. While the U.S. Trustee does not take a position as to whether this relief may be afforded under the Plan, this relief should not be effective as of the Petition Date. If the Plan is confirmed, this relief should only be granted as of the Effective Date, or at the very earliest, November 12, 2025—the date that the Substantive Consolidation Order was entered.

### D. The Plan Improperly Restricts the Debtor's ability to seek Bankruptcy Relief in the future.

Section 5 of the Plan governs the Treatment of Allowed Hallmark Claim. Section 5.5.2 through 5.5.2.9 require that the Confirmation Order contain language that would be controlling against the Debtor, this Court (or another Court), creditors and all parties in interest in the event the Debtor subsequently seeks further relief under the Bankruptcy Code. The Court should not approve these provisions of the Plan.

Because the Plan fails to comply with Section 1129(a) of the Bankruptcy Code, confirmation must be denied. The U.S. Trustee reserves his rights to raise any additional arguments at the hearing on confirmation of the Plan.

WHEREFORE, the Acting United States Trustee, by counsel, objects to the confirmation of the Debtor's Plan.

Dated:  February 27, 2026

          Matthew W. Cheney
          Acting United States Trustee, Region 4

          By: */s/ Kristen S. Eustis*
          Kristen S. Eustis, Trial Attorney
          Federal Bar No. MD28984
          Office of the United States Trustee
          1725 Duke St., Suite 650
          Alexandria, VA 22314
          (703) 557-7227- Direct Dial
          (202) 934-4173 – Office Cell
          Kristen.S.Eustis@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 27, 2026, I electronically filed the foregoing Objection with the Clerk of the Court and served it via the Court's CM/ECF system upon all counsel who have entered an appearance in the case.

                                            */s/ Kristen S. Eustis*
                                            Kristen S. Eustis