Docusign Envelope ID: 171BD76C-DC34-4CBA-BDBB-31CAB7795CFD

Case 25-00378-ELG    Doc 183-1    Filed 03/01/26    Entered 03/01/26 23:40:41    Desc
Exhibit A - Declaration of Michael Postal in Support of Plan Confirmation    Page 1 of 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-378-ELG |
| | ) | (Chapter 11) |
| Banners of Abingdon, LLC, *et al.*[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**DECLARATION OF MICHAEL POSTAL IN SUPPORT OF PLAN CONFIRMATION**

1. My name is Michael Postal, I am over the age of eighteen, and I am competent to testify to the matters set forth herein.

2. I am the corporate designee of the substantively consolidated debtor (the "Debtor") in this case.

3. I am familiar with the Debtor's Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan"), DE #158, filed in this case, and participated in the preparation and drafting thereof.

4. Article 3 of the Plan designates classes of claims in this case and, to the best of my understanding and knowledge, and upon consultation with counsel, I believe the manner in which

---

[1] The Debtors in these cases are Banners of Abingdon, LLC; Banners of Reston, Inc.; Banner's of Dulles Town, Inc.; Banner's of Fair Oaks, LLC; Banner's Of Ashburn, LLC; Banner's of Gainesville, LLC; Banner's of Warrenton, LLC; Banner's of South Riding, LLC; Banner's of Stafford, LLC; Banner's of Oakton, LLC; Banner's of Bradlee Center, LLC; Banners of Fair Lakes, LLC; Banners of Woodbridge LLC; Banners of Williamsburg LLC; Banners of Newport News LLC; Banners of Commonwealth Midlothian LLC; Banners of Village Market Place Midlothian LLC; Banners of Fairfield Virginia Beach LLC; Banners of Hilltop Virginia Beach LLC; Banners of Central Park Fredericksburg LLC; Banners of Cosner's Corner Fredericksburg LLC; Banners of York River LLC; Banners of Lynchburg, LLC; Banners of Harrisonburg VA LLC; Banners of Winchester LLC; Banners of Christiansburg VA LLC; Banners of Chesapeake VA LLC; Banners of Columbus Village VA Beach LLC; Banner's of Burke, LLC; Banner's of Kamp Washington, LLC; Banners of Suffolk II LLC; Banners of Suffolk LLC; Banners of Henrico LLC; Banners Of Waynesboro LLC; Banners of Roanoke LLC; Banners of Rocky Mount VA, LLC; Banners of Manassas II LLC; Banners of Charlottesville LLC; Banners of Kingstowne LLC; Banners of Leesburg, LLC; and LBPO Management, LLC.

1

Docusign Envelope ID: 171BD76C-DC34-4CBA-BDBB-31CAB7795CF0

Case 25-00378-ELG   Doc 183-1   Filed 03/01/26   Entered 03/01/26 23:40:41   Desc
Exhibit A - Declaration of Michael Postal in Support of Plan Confirmation   Page 2 of 5

those designations is made is compliant with the dictates of title 11 of the United States Code (the "Bankruptcy Code").

5. Based on my review of the Plan, the document does not provide for any unimpaired classes of claims or interests.

6. Based on my review of the Plan, the document specifies the treatment of each class of claims that is impaired thereunder.

7. Based on my review of the Plan, the document provides for the same treatment for each claim or interest of each particular class.

8. The Plan provides for the Debtor to retain all assets—including litigation rights—and, through the forward-looking operation of retail stores, alongside pursuit of the aforesaid litigation rights, to pay the claims of creditors.

9. The projections appended to the Plan are rooted in empirical, historic data from the operation of these same retail stores, alongside other similarly-situated retail stores, and have been arrived upon with equal attention being paid to conservatism and a need to expediently pay creditor claims. Based on the aforesaid empirical, historic data, as well as my knowledge and experience derived from operating the Debtor for numerous years, I believe the projections are realistic in nature, properly reflect seasonal fluctuations in the Debtor's sector, and denote future cash flow targets that are more probable than not to be satisfied. Further, I am confident confirmation of the Plan will *not* likely be followed by liquidation or a need for further reorganization.

10. LBPO Management, LLC is a limited liability company and is not a corporation or natural person.

11. To the best of my knowledge, and upon consultation with counsel, I believe the Plan complies with applicable provisions of the Bankruptcy Code.

Docusign Envelope ID: 171BD76C-DC34-4CBA-BDBB-31CAB7795CF0

Case 25-00378-ELG    Doc 183-1    Filed 03/01/26    Entered 03/01/26 23:40:41    Desc
Exhibit A - Declaration of Michael Postal in Support of Plan Confirmation    Page 3 of 5

12. To the best of my knowledge, and upon consultation with counsel, I believe the Debtor complies with applicable provisions of the Bankruptcy Code.

13. The Plan has been proposed in furtherance of a desire to pay the allowed claims of all creditors, in full, and as part of a good faith desire to sensibly reorganize the Debtor's affairs and obligations.

14. The Plan proposes the Debtor pay for services or costs and expenses, incurred in connection with the post-filing (and pre-confirmation) temporal horizon of this case, upon approval of this Honorable Court.

15. Leonard Banner and I will continue to serve as officers and directors of the Debtor, and the Debtor will continue to be wholly owned by A & S, Inc., following confirmation of the Plan.

16. I believe the ongoing service of Mr. Banner and myself is consistent with the best interests of creditors, the equity holder, and public policy, insofar as we both have extensive experience operating the Debtor, know the Debtor's operations in marked detail, and are motivated—both financially and personally—to see the Debtor succeed.

17. To the best of my knowledge, no government regulatory commission has jurisdiction over the rates charged by the Debtor.

18. I am preparing this declaration before the close of voting on the Plan but, based on an initial review of ballots, I reasonably expect all classes will vote to accept the Plan; should such not prove true, the Plan nonetheless provides for each class to retain, on account of such claim or interest, property of a value, as of the effective date of the Plan, that is not less than the amount that such holder(s) would so receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code. Specifically, in the event of a chapter 7 liquidation, I do not believe unsecured

Docusign Envelope ID: 171BD76C-DC34-4CBA-BDBB-31CAB7795CF0

Case 25-00378-ELG    Doc 183-1    Filed 03/01/26    Entered 03/01/26 23:40:41    Desc
Exhibit A - Declaration of Michael Postal in Support of Plan Confirmation    Page 4 of 5

classes would receive anything whatsoever, while the Plan provides for each secured class to retain its correlative lien(s).

19. The Plan does not discriminate unfairly against any class or claim.

20. I genuinely believe the Plan to be fair and equitable in nature.

21. The Plan provides for the payment of all claims, in full, and, upon consultation with counsel, I believe the Plan so provides in a manner consistent with the dictates of the Bankruptcy Code.

22. While certain claims in this case are correlative to employee wages and bonuses, I do not believe, upon consultation with counsel, that any such claims fall within the ambit of Section 507(a)(4) of the Bankruptcy Code.

23. There do not herein exist any claims for contribution to an employee benefit plan.

24. The Debtor is not now—and never has been—in the business of raising grain and/or engaging in fishing activities.

25. As of the preparation of this Declaration, and upon a review of classifications in the Plan and ballots thus far received, I am affirmatively aware that at least one class has accepted the Plan, insofar as the sole member of one class has voted to accept the Plan.

26. All fees due under federal law have either been paid or, pursuant to the Plan, are to be paid on or before the effective date thereof.

27. The Debtor does not owe any retiree benefits.

28. The Debtor does not owe any domestic support obligations.

*[Continued on Following Page]*

29. All transfers of property under the Plan—which are predominantly in the form of ordinary retail sales—are to be carried out in conformity with applicable nonbankruptcy law.

I declare under penalty of perjury that the foregoing is true and correct.

Executed On: 2/27/2026

*DocuSigned by:*
*Michael Postal*
4A51F76314AD465...
Michael Postal