Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Reorganized Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| In re: | ) | Case No. 25-378-ELG |
|---|---|---|
|  | ) | (Chapter 11) |
| Banners of Abingdon, LLC, *et al.*[1] | ) |  |
|  | ) | Jointly Administered |
| Reorganized Debtor. | ) |  |

**SECOND AND FINAL APPLICATION OF THE VERSTANDIG LAW FIRM, LLC**
**FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Come now Maurice B. VerStandig and The VerStandig Law Firm, LLC d/b/a The Belmont Firm (collectively, "VLF"), counsel the substantively consolidated, reorganized debtor herein, pursuant to sections 327 and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 2016, and Local Rule 2016-1, and apply to this Honorable

---

[1] The Debtors in these cases are Banners of Abingdon, LLC; Banners of Reston, Inc.; Banner's of Dulles Town, Inc.; Banner's of Fair Oaks, LLC; Banner's Of Ashburn, LLC; Banner's of Gainesville, LLC; Banner's of Warrenton, LLC; Banner's of South Riding, LLC; Banner's of Stafford, LLC; Banner's of Oakton, LLC; Banner's of Bradlee Center, LLC; Banners of Fair Lakes, LLC; Banners of Woodbridge LLC; Banners of Williamsburg LLC; Banners of Newport News LLC; Banners of Commonwealth Midlothian LLC; Banners of Village Market Place Midlothian LLC; Banners of Fairfield Virginia Beach LLC; Banners of Hilltop Virginia Beach LLC; Banners of Central Park Fredericksburg LLC; Banners of Cosner's Corner Fredericksburg LLC; Banners of York River LLC; Banners of Lynchburg, LLC; Banners of Harrisonburg VA LLC; Banners of Winchester LLC; Banners of Christiansburg VA LLC; Banners of Chesapeake VA LLC; Banners of Columbus Village VA Beach LLC; Banner's of Burke, LLC; Banner's of Kamp Washington, LLC; Banners of Suffolk II LLC; Banners of Suffolk LLC; Banners of Henrico LLC; Banners Of Waynesboro LLC; Banners of Roanoke LLC; Banners of Rocky Mount VA, LLC; Banners of Manassas II LLC; Banners of Charlottesville LLC; Banners of Kingstowne LLC; Banners of Leesburg, LLC; and LBPO Management, LLC.

1

Court for allowance of additional compensation of $22,636.84, being comprised of $22,290.00 in additional legal fees and $346.84 in additional expenses, together with final approval of all fees and expenses in this case, inclusive of those previously awarded on an interim basis, DE #177, with the total compensation sought in this case—between the prior interim award and that newly-sought herein—being $98,813.78, comprised of a total of $97,020.00 in legal fees and $1,793.78 in expenses, and in support thereof state as follows:

I.     **Introduction**

Through a plan of reorganization formally confirmed earlier today, LBPO Management, LLC ("LBPO" or the "Reorganized Debtor") saved 36 of 39 pre-petition stores, is able to retain the vast majority of its 500+ person workforce, and exits bankruptcy with reorganized financial obligations payable on a forward-looking timetable carefully crafted to conform to realistic goals pegged to seasonal business fluctuations. The largest retail chapter 11 case in the District of Columbia in a very long time, this has proven to be a success story. And such success would not have been obtainable but for the countless efforts of so many, ranging from the employees of the Reorganized Debtor, to the myriad attorneys zealously advocating for their respective clients' best interests, to this Honorable Court which unwaveringly afforded the attention necessary to ensure this case stay on track.

Along the way, from first day hearings (when seemingly every second lawyer was holed up in a hotel room at the same Chicago conference locale) to the confirmation hearing (when the crux of arguments were handled in a hybrid format, with some lawyers in-person and others on Zoom), VLF has had the distinct pleasure of being counsel to the now-Reorganized Debtor. And just as this Honorable Court, other attorneys, and the staff of LBPO toiled to shepherd this case

2

from petition to confirmation, so did VLF. For those efforts, a final order awarding compensation is now sought.

## II.     Local Rule 2016-1 Recitations

1. The work performed for which compensation is sought was carried out by Maurice VerStandig and Christianna Cathcart.

2. Billing records for the time worked, containing descriptions of each task and the correlative time expended, are appended hereto as Exhibit A.

3. Payment is requested at the rate of $600 per hour for Maurice VerStandig and $300 per hour for Christianna Cathcart.

4. The order authorizing VLF's employment was docketed on October 28, 2025. DE #115. The underlying application was filed between the date when the first petition for relief was filed and the date on which the last petition for relief was filed. DE #9. VLF does *not* seek compensation for any efforts prior to the docketing of the final petition for relief. Previously-unawarded compensation is herein sought for the time period ranging from February 4, 2026 to March 8, 2026.

5. A discussion of criteria relevant to determining the compensation to be awarded is set forth *infra*.

6. Previously-unawarded reimbursement is sought for one out-of-pocket expense (correlative to the mailing of notice of an interim fee application), the specifics of which are delineated in the billing records appended hereto as Exhibit A.

7. By signing this application, undersigned counsel certifies that (i) he believes the fees and costs for which reimbursement is sought are reasonable for the work performed; and (ii) this application is true and accurate.

3

### III. Rule 2016 Recitations

a. VLF previously filed a first interim application for compensation, DE #164, which was thereafter granted, DE #177, with VLF therein being awarded $74,730.00 in fees and allowed reimbursement of $1,446.94 in expenses, for a total of $76,176.94. Additionally, as noted in a previously filed disclosure of compensation, DE #52, VLF received a pre-petition retainer of $138,236.00, of which $61,214.00 was expended pre-petition (with said expenditure including payment of some—but not all—of the $71,258.00 of filing fees generated by this case). After payment of pre-petition fees and expenses, alongside allowed interim fees and expenses, $845.06 remains of the pre-petition retainer

b. None of the pre-petition or post-petition compensation has been shared with any other firm or attorney (aside from VLF using funds to pay its ordinary operating expenses—including payroll obligations—as they come due), and there does not exist any agreement or understanding through which any compensation received will be shared with any other entity or person except for "a member or regular associate" of VLF. Fed. R. Bankr. P. 2016(a)(1)(F).

### IV. Categorization of Time Entries

In accord with guidelines promulgated by the United States Trustee,[2] VLF recorded all time in this matter in project categories. The time recorded—and compensation requested—for each such project category is as follows, for previously-unawarded fees and expenses:

---

[2] VLF does not believe the US Trustee's guidelines to be binding especially where, as here, the guidelines are unmoored to any provision of the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure. *See Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024). Additionally, the categorization of time in more intricate cases, such as this, often invites arbitrary and capricious decisions, as anecdotally punctuated by the fact that certain efforts surrounding "first day" hearings were contemporaneously denoted as being correlative to "financing," while others were denoted as being correlative to "case administration." The same is true of the palpable overlap between efforts correlative to claims administration, case administration, and plan drafting. These categorizations are accordingly shared in the interests of approximating a breakdown of efforts, for ease of reference, and not in furtherance of any cognizable legal mandate.

    a. Case Administration – 1.4 Hours – $510.00

    b. Claims Administration – 0.1 Hours – $60.00

    c. Plan and Disclosure Statement – 36.1 Hours – $21,660.00

    d. Employment and Fee Applications – 0.1 Hours – $60.00

    e. Employment and Fee Applications (Expenses) – $346.84

### V. Discussion of Criteria (Local Rule 2016-1(b)(5))

The prevailing standard for analysis of a fee application is the "lodestar" method by which the hourly rates of counsel, the hours expended by counsel, and adjustments dictated by equitable considerations, are considered in turn. Application of this standard well supports granting the instant application.

As this Honorable Court has previously observed in connection with this circuit's "lodestar" standard:

> In this Circuit, to determine the reasonableness of fees, applications for compensation are analyzed under a three-part process that determines a "lodestar"—consisting of (1) the reasonable hourly rate for each person for whom compensation is requested, and (2) the number of hours reasonably expended by each such person—and then determines (3) any adjustments warranted to the lodestar. Factors relevant to each person's reasonable hourly rate include, at minimum (1) the person's "billing practices," i.e., the actual non-reduced rate they have charged or could have realistically charged clients; (2) their skill, experience, and reputation in bankruptcy; and (3) prevailing market rates in the community.

*In re Taiwo*, 2021 WL 850533, at *4 (Bankr. D.D.C. 2021) (citing *Makray v. Perez*, 159 F. Supp. 3d 25, 30 (D.D.C. 2016) (citing *Eley v. District of Columbia*, 793 F.3d 97, 100 (D.C. Cir. 2015); *Salazar ex rel. Salazar v. District of Columbia*, 809 F.3d 58, 61 (D.C. Cir. 2015)); 11 U.S.C. § 330(a)(3); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010); *Covington v. District of Columbia*, 57 F.3d 1101, 1107-08 (D.C. Cir. 1995)).

Compensation for efforts expended by Maurice VerStandig ("Mr. VerStandig") is sought at the rate of $600 per hour. Mr. VerStandig is a *cum laude* graduate of the University of Miami

School of Law, has more than fifteen years of insolvency-related legal experience, and charges a standard hourly rate of $600 per hour in other debtor-side cases in this Honorable Court and neighboring courts. He charges a slightly lower hourly rate for his work in the District of North Dakota, where geographic economic considerations inform the differentiated rate.

Mr. VerStandig is a coordinating editor of the *ABI Journal*, has represented debtors ranging from law firms to real estate investment entities in chapter 11 proceedings, serves as outside bankruptcy counsel to some of the largest private lenders in the Washington, DC area, and oversees a consumer bankruptcy practice representing individuals in the District of Columbia, Maryland, Virginia, and North Dakota. He is presently counsel of record in numerous cases pending in this Honorable Court, was a 2024 member of the American Bankruptcy Institute "40 Under 40" class, has an AV rating from Martindale-Hubbell, and submits $600 per hour is a reasonable rate to be charged for his services in this case.

Compensation for efforts expended by Christianna Cathcart ("Ms. Cathcart") is sought at the rate of $300 per hour. Ms. Cathcart is a graduate of the University of North Dakota School of Law, has focused her career in private practice almost exclusively on bankruptcy representations, and charges a standard hourly rate of $300 per hour in other debtor-side cases in this Honorable Court, while charging a slightly lower hourly rate for her work in the District of North Dakota.

Ms. Cathcart is presently acting as lead reorganization counsel in multiple chapter 11 cases, including ones involving (i) an interstate trucking company; (ii) the oldest hotel in the United States; (iii) a real estate investment entity; and (iv) a natural person. She has elicited evidence at contested hearings—and made oral argument—before multiple bankruptcy courts. Ms. Cathcart also has extensive "second chair" experience conducting multiday merits trials in at least four

different courts. She is a member of the American Bankruptcy Institute and is active in the International Women's Insolvency & Restructuring Confederation.

Concerning the reasonable hours expended, the records attached hereto as Exhibit A show each time entry incurred in connection with this matter during the relevant billing period. This is a large case and one that has occasioned myriad eccentricities throughout its duration, with appropriate care and attention being necessitated at each turn. Confirmation of the plan in this case was occasioned only after a contested, evidentiary hearing, and even then a formidable amount of negotiations went into securing the withdrawal of various parties' objections to confirmation and the receipt of accepting ballots from at least one member of every creditor class denoted in the plan. Respectfully, the firm does believe all efforts undertaken in connection with this case to have been necessary and reasonable in nature.

Finally, it is urged no adjustments are warranted in the prism of this case, where total gross compensation is being sought in a sum less than $100,000.00. The rates charged by VLF are notably lower than those charged by other firms undertaking large chapter 11 debtor-side work in this market. The fees instantly sought are relatively modest when juxtaposed to the macroscopic financial considerations of this case. Moreover, while the hourly rates of counsel for the various creditors herein are necessarily not disclosed absent unusual circumstances, it bears notation that most such attorneys are affiliated with large firms and very likely charge rates well in excess of those maintained by Mr. VerStandig and Ms. Cathcart. This case has commanded legal work, on the part of myriad parties, at a high level, and VLF respectfully submits the fees sought instantly are more than reasonable in light of that level of work.

### VI. Conclusion

WHEREFORE, Maurice Belmont VerStandig and The VerStandig Law Firm, LLC d/b/a The Belmont Firm respectfully pray this Honorable Court (i) approve and ratify the fees and expenses sought herein in the gross sum of $98.812.78, being comprised of $97,020.00 in legal fees and $1,793.78 in out-of-pocket expenses, inclusive of $22,636.84 in newly-incurred fees and expenses; (ii) permit The VerStandig Law Firm, LLC to deduct $845.06 from monies being held in the firm's IOLTA account for the benefit of the Debtor; (iii) award The VerStandig Law Firm, LLC an allowed administrative expense claim in the sum of $21,791.78; and (iv) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: March 9, 2026    By:    /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Reorganized Debtor*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of March, 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

/s/ Maurice B. VerStandig
Maurice B. VerStandig