Addison J. Chappell, Esquire
Miles & Stockbridge P.C.
100 Light Street, 7th Floor
Baltimore, Maryland 21202
Phone:  (410) 385-3481
Email:  achappell@milesstockbridge.com

Catherine B. Harrington, Esquire
Miles & Stockbridge P.C.
915 Meeting Street, Suite 1110
North Bethesda, MD 20852
Phone:  (301)-517-4802
Email:  charrington@milesstockbridge.com

*Counsel for South Riding Owner, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>BANNERS OF ABINGDON, LLC, *et al.*[1]<br><br>Reorganized Debtor. | Case No. 25-00378-ELG<br>Chapter 11- Jointly Administered |

**MOTION OF SOUTH RIDING OWNER, LLC FOR ENTRY OF AN ORDER
COMPELLING BANNERS OF SOUTH RIDING, LLC TO IMMEDIATELY
<u>SURRENDER THE LEASED PREMISES</u>
(25050 Riding Plaza, Suite 125, Chantilly, VA 20152)**

South Riding Owner, LLC ("<u>Landlord</u>"), by counsel, and pursuant to 11 U.S.C. § 365(d)(4)

(the "<u>Bankruptcy Code</u>"), files this Motion for an Order Compelling Banners of South Riding,

---

[1] The Debtors in these cases are Banners of Abingdon, LLC; Banners of Reston, Inc.; Banner's of Dulles  Town, Inc.; Banner's of Fair Oaks, LLC; Banner's Of Ashburn, LLC; Banner's of Gainesville, LLC; Banner's of Warrenton, LLC; Banner's of South Riding, LLC; Banner's of Stafford, LLC; Banner's of Oakton, LLC; Banner's of Bradlee Center, LLC; Banners of Fair Lakes, LLC; Banners of Woodbridge LLC; Banners of Williamsburg LLC; Banners of Newport News LLC; Banners of Commonwealth Midlothian LLC; Banners of Village Market Place Midlothian LLC; Banners of Fairfield Virginia Beach LLC; Banners of Hilltop Virginia Beach LLC; Banners of Central Park Fredericksburg LLC; Banners of Cosner's Corner Fredericksburg LLC; Banners of York River LLC; Banners of Lynchburg, LLC; Banners of Harrisonburg VA LLC; Banners of Winchester LLC; Banners of Christiansburg VA LLC; Banners of Chesapeake VA LLC; Banners of Columbus Village VA Beach LLC; Banner's of Burke, LLC; Banner's of Kamp Washington, LLC; Banners of Suffolk II LLC; Banners of Suffolk LLC; Banners of Henrico LLC; Banners Of Waynesboro LLC; Banners of Roanoke LLC; Banners of Rocky Mount VA, LLC; Banners of Manassas II LLC; Banners of Charlottesville LLC; Banners of Kingstowne LLC; Banners  of Leesburg, LLC; and LBPO Management, LLC.  Pursuant to the Confirmation Order, defined *infra*, all Debtors have been substantially consolidated and will be referred to herein as "<u>Debtor</u>."

K11138\000006\4923-8491-6151.v1

LLC to Immediately Surrender the Leases Premises (the "Motion"), and in support states as follows:

## JURISDICTION

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(A), (B), (L), and (O).

## BACKGROUND

4.    The Reorganized Debtor operates multiple Hallmark-branded stores throughout the Commonwealth of Virigina.

5.    Specific to this Motion, Debtor, Banners of South Riding, LLC ("Debtor" or "Tenant"), leased the building commonly known as 25050 Riding Plaza, Suite 125, Chantilly, VA 20152 ("Leased Premises") from Landlord (through its predecessor in interest) pursuant to a Deed of Lease agreement dated on or about September 12, 2011 (as amended, the "Lease").  *See* Proof of Claim No. 30.

6.    On March 9, 2026, the Court entered the Order Confirming Debtor's Plan of Reorganization under Chapter 11 of the Bankruptcy Code [Dkt. No. 192] ("Confirmation Order"), which approved the Debtor's Plan of Reorganization [Dkt. No. 158] ("Plan").

7.    Pursuant to Section 4.2 of the Debtor's Plan, the Debtor rejected the Lease and was required to pay rejection damages thereto pursuant to Class 4.2.  *See* Plan at Section 4.2.

8.    Further, the Confirmation Order provides, *inter alia*, that for each lease rejected in Section 4.2, "[t]he rejection date of each lease shall occur on the date upon which the Debtor notifies the correlative landlord . . . in writing, with email sufficing, that the Debtor has surrendered

K11138\000006\4923-8491-6151.v1

the premises and returned to the landlord any keys, key codes and/or security codes" and "[t]he Debtor shall be responsible for the payment of ordinary rent and obligations associated therewith . . . to and through the date of the occurrence of each rejection." Confirmation Order at pp. 6-7, ¶ 1 and 3.

9.      Although the Debtor rejected the Lease pursuant to the Confirmation Order, the Debtor continues to use and occupy the Leased Premises. The Debtor has failed to pay rent for May and June.

10.     To date, the Debtor owes $30,186.80 in post-petition rent to Landlord and monthly rent continues to accrue.

11.     On June 24, 2026, Landlord, through counsel, requested the Debtor surrender possession of the Leased Premises and pay all outstanding post-petition rent within three (3) business days. As of the date of this Motion, the Debtor has not complied with the request.

## RELIEF REQUESTED

12.     By this Motion, Landlord seeks the immediate surrender of the Leased Premises as required under Section 365(d)(4), and should the Debtor fail to do so, the Landlord seeks relief to regain possession of the Leased Premises.

## BASIS FOR RELIEF

13.     The Bankruptcy Code requires immediate surrender of rejected nonresidential leases. Section 365(d)(4) provides, in relevant part:

> . . . [A]n unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, **and the trustee shall immediately surrender that nonresidential real property to the lessor**, if the trustee does not assume or reject the unexpired lease by the earlier of—
> (i) the date that is 120 days after the date of the order for relief; or
> (ii) the date of the entry of an order confirming a plan.

11 U.S.C. § 365(d)(4) (Emphasis added.)

3

K11138\000006\4923-8491-6151.v1

14.     Here, the Debtor affirmatively rejected the Lease pursuant to Section 4.2 of the Plan, as approved by the Confirmation Order.

15.     The statutory language is unambiguous that upon rejection, the Debtor "shall immediately surrender" the Leased Premises to the Landlord. 11 U.S.C. § 365(d)(4). The word "immediately" admits of no discretion. This is not a permissive deadline, but rather it is a mandatory command. *In re U.S. Fax, Inc.*, 114 B.R. 70, 73 (E.D. Pa. 1990).

16.     Despite this clear statutory mandate, the Debtor has failed to surrender the Leased Premises. Instead, the Debtor continues to occupy and operate its business from the Leased Premises without paying any rent or compensation to the Landlord.

17.     The Confirmation Order further supports the Landlord's position. While the Confirmation Order allows some flexibility in the timing of the physical surrender, it does not contemplate an open-ended date for the Debtor to surrender the Leased Premises.  Further, the Confirmation Order never contemplates, and actually prohibits, a tenant from retaining the premises without paying rent.  The Confirmation Order requires that until such surrender, the Debtor "shall be responsible for the payment of ordinary rent and obligations associated therewith."  Confirmation Order at pp. 6-7, ¶ 3.  The Debtor cannot invoke the flexibility granted by the Confirmation Order while simultaneously ignoring the obligations that accompany it.

18.     The Debtor made a deliberate business decision to reject the Lease as part of its reorganization strategy. Having received the benefit of that rejection, namely, the elimination of future lease obligations, the Debtor cannot now retain possession of the very premises it disclaimed. To permit otherwise would reward the Debtor for its own breach of the statutory mandate.  In other words, the Debtor does not get to have its cake and eat it too at the Landlord's expense.

K11138\000006\4923-8491-6151.v1

19.     The Landlord respectfully requests that the Court enter an order compelling the Debtor to surrender the Leased Premises within five (5) business days of the entry of the order. Should the Debtor fail to surrender the Leased Premises, the Landlord requests that the Court grant the Landlord relief from the automatic stay, if applicable, to seek appropriate state-law remedies to evict the Debtor.

20.     The Landlord has been abundantly patient throughout these proceedings, affording the Debtor ample opportunity to comply with its statutory and contractual obligations. However, the Landlord is not required to wait indefinitely, and certainly without being paid, to recover the Leased Premises that the Debtor ***decided it no longer wanted***.   The Landlord is entitled to immediate possession of the Leased Premises and reserves all of its rights under the Confirmation Order to seek an administrative expense as set forth therein.

WHEREFORE, South Riding Owner, LLC respectfully requests that this Honorable Court:

A. Order the Debtor to immediately surrender the Leased Premises within five (5) business days;

B. Grant Landlord relief from the automatic stay to pursue state-law remedies to evict the Debtor should the Debtor not surrender the Leased Premises within the five (5) business days of the entry of the Order; and

C. Grant such other and further relief as this Court may deem just and proper.

[Signatures appear on following page]

5

DATE: June 29, 2026

*/s/ Addison J. Chappell*
Addison J. Chappell
  Federal Bar No. 1742940
Miles & Stockbridge P.C.
100 Light Street, 7th Floor
Baltimore, Maryland 21202
Phone:  (410) 385-3481
Email:  achappell@milesstockbridge.com

*/s/ Catherine B. Harrington*
Catherine B. Harrington
  Federal Bar No. 498333
Miles & Stockbridge P.C.
915 Meeting Street, Suite 1110
North Bethesda, MD 20852
Phone:  (301)-517-4802
Email:  charrington@milesstockbridge.com

*Counsel for South Riding Owner, LLC*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 29, 2026, a copy of the foregoing Motion and proposed order was electronically filed with the Court and served via the Court's ECF filing system on all parties receiving electronic notice, including counsel for the Debtor.

*/s/ Addison J. Chappell*
Addison J. Chappell

K11138\000006\4923-8491-6151.v1